PEOPLE v SNYDER (AFTER REMAND)

Docket No. 310208. Submitted April 2, 2013, at Lansing. Decided May 21, 2013, at 9:00 a.m.

Brian L. Snyder was convicted by a jury in the Van Buren Circuit Court, Paul E. Hamre, J., of larceny in a building. Defendant appealed. The Court of Appeals, while retaining jurisdiction, remanded the matter to the trial court in an unpublished opinion per curiam, issued March 26, 2013 (Docket No. 310208), holding that the trial court erred by failing to articulate on the record why it determined that evidence of defendant's prior conviction for larceny in a building was admissible for impeachment purposes under MRE 609. In an accompanying unpublished order entered the same day, the Court of Appeals instructed the trial court to conduct an analysis regarding whether the evidence of defendant's prior larceny conviction was of significant probative value on the issue of credibility and whether the prejudicial effect of the evidence of the conviction outweighed its probative value. On remand, the trial court determined that the crime being used for impeachment purposes was dramatically different from the crime defendant was on trial for. It also determined that the prior conviction was indicative of veracity and that the probative value of the evidence outweighed its prejudicial effect.

After remand, the Court of Appeals *held*:

1. MRE 609 creates a presumption that evidence of prior convictions is inadmissible to impeach a witness's credibility, however, the presumption can be overcome in two ways. First, if the prior conviction contained an element of dishonesty or false statement, the evidence is admissible with no further analysis required. MRE 609(a)(1). Second, if the prior conviction contained an element of theft, the evidence may be admissible if certain conditions are met. MRE 609(a)(2). As a first step, regardless of whether the witness is the defendant, the court must determine that the evidence of the prior theft crime conviction has significant probative value on the issue of credibility and that the prior theft crime was one that was punishable by imprisonment in excess of one year or death. MRE 609(a)(2)(A) and (B). For purposes of the probative-value determination, the court should consider only the age of the conviction and the

degree to which a conviction of the crime is indicative of veracity. Generally, the older the conviction, the less probative it is. In general, theft crimes are minimally probative on the issue of credibility or, at most, are moderately probative of veracity.

2. A further step is required when the witness is the defendant in a criminal trial. In such a case the evidence of a prior conviction is inadmissible unless the court further determines that the probative value of the evidence outweighs its prejudicial effect. MRE 609(a)(2)(B). For purposes of assessing prejudicial effect, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. MRE 609(b).

3. When the prior conviction is identical to the charged offense, it is highly prejudicial. Prejudice escalates with the increased importance of the defendant's testimony to the decisional process.

4. The trial court offered no reason why evidence of defendant's prior larceny conviction is of "significant" probative value with regard to defendant's credibility or why the prior crime or its surrounding circumstances are indicative of veracity.

5. The evidence of defendant's prior larceny conviction is not of significant probative value on the issue of his credibility. The evidence is merely of minimal or moderate probative value. The evidence of the prior conviction was inadmissible under MRE 609(a)(2)(B). The trial court abused its discretion by admitting the evidence. When, as in this case, a prior conviction is not significantly probative of credibility, the prejudicial-effect inquiry is unnecessary because the prior conviction has already failed to meet the requirement of MRE 609(a)(2)(B) that the evidence is of significant probative value. If the evidence had met the standard of being of significant probative value, the Court of Appeals would, nevertheless, hold that the prejudicial effect of the evidence outweighed its probative value and that the evidence should not have been admitted.

6. The erroneous admission of the evidence of defendant's prior conviction undermined the reliability of the verdict. Defendant met his burden of showing that the error was prejudicial. It affirmatively appears more probable than not that the evidence affected the outcome of the case.

Reversed and remanded.

1. EVIDENCE — WITNESSES — EVIDENCE OF PRIOR CONVICTIONS — IMPEACHMENT EVIDENCE.

A trial court, in determining whether evidence that a witness has been convicted of a prior theft crime offense should be admitted for

impeachment purposes, must first determine that the proffered theft crime conviction has significant probative value on the issue of credibility by considering only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity; generally, the older the conviction the less probative it is; theft crimes are generally minimally probative on the issue of credibility or, at most, are moderately probative of veracity (MRE 609[a][2][B], and [b]).

2. CRIMINAL LAW — EVIDENCE — EVIDENCE OF PRIOR CONVICTIONS — DEFENDANT WITNESSES.

Evidence of a witness's prior conviction is inadmissible for impeachment purposes when the witness is the defendant in a criminal trial unless the court determines that the evidence has significant probative value on the issue of credibility and further determines that the probative value of the evidence outweighs its prejudicial effect; the court, for purposes of assessing prejudicial effect, shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify; prejudice escalates with the increased importance of the defendant's testimony to the decisional process; when the prior conviction is identical to the charged offense, the evidence is highly prejudicial (MRE 609[a][2][B], and [b]).

3. TRIAL — JURY INSTRUCTIONS — EVIDENCE — WITNESSES — EVIDENCE OF PRIOR CONVICTIONS.

Although jurors are presumed to follow their instructions and instructions are presumed to cure most errors, this is not the case with improperly admitted evidence of a witness's prior conviction.

*Thomas J. Mattern* for defendant.

AFTER REMAND

Before: STEPHENS, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendant was convicted by a jury of larceny in a building, MCL 750.360. He appeals as of right. For the reasons hereinafter set forth, we reverse his conviction and remand for further proceedings consistent with this opinion.

I. BASIC FACTS

Defendant visited William Lesterhouse's antique store in Mattawan on October 30, 2011, close to closing time. After the store closed, defendant had a sandwich and a drink with Lesterhouse and Lesterhouse's sister. The next day, Lesterhouse discovered four silver pieces were missing and reported this to the Mattawan Police Department. Lesterhouse went with Chief of Police Donald Verhage to Scott's Coin and Jewelry in Portage and located the silver pieces along with Lesterhouse's gold watch, which Lesterhouse had not realized was missing. Defendant had sold the silver items and the gold pocket watch to Scott's. Lesterhouse testified that defendant did not have permission to take the items and was not given the items. The silver items were worth approximately $1,650 and the watch was worth approximately $750.

Defendant testified that Lesterhouse gave him two of the silver bowls in exchange for some arrowheads and a stone tool, worth approximately $800. According to defendant, Lesterhouse gave defendant the two additional silver pieces and the gold watch. Defendant claimed that after the store closed and they ate sandwiches, Lesterhouse made sexual advances toward defendant, which defendant rejected. Defendant testified that he took the box of silver items and the watch and left.

Before trial, defendant moved to prevent evidence of his prior conviction for larceny in a building from being admitted pursuant to MRE 609. At the hearing on defendant's motion, defendant explained that his prior conviction occurred in 2010 and that the prior conviction involved defendant's taking cash from his mother's workplace. The trial court declined to make any findings on the record with regard to the admissibility of

the evidence of defendant's prior conviction and took the matter under advisement. The court subsequently issued an opinion in which it made no findings. The trial court's entire opinion was as follows:

> Upon review of this matter the court finds the defendant's prior conviction of larceny in a building is not prejudiced by the prosecutor's use of this conviction to impeach the defendant.
>
> Therefore the defendant's motion to preclude the conviction [sic] use for impeachment is denied.

Following his conviction, defendant appealed. The prosecution did not file a brief on appeal. On defendant's initial appeal, we concluded that the trial court had erred by failing to adhere to the strict language of MRE 609(b), which requires that the trial court "articulate, on the record, the analysis" why evidence of a defendant-witness's prior theft crime convictions is admissible. *People v Snyder*, unpublished opinion per curiam of the Court of Appeals, issued March 26, 2013 (Docket No. 310208). In an accompanying order, we instructed that on remand the trial court "shall conduct an analysis regarding whether defendant's prior larceny conviction was of 'significant probative value on the issue of credibility,' MRE 609(a)(2)(B), and whether the prejudicial effect of the conviction outweighed the probative value. MRE 609(b)." *People v Snyder*, unpublished order of the Court of Appeals, entered March 26, 2013 (Docket No. 310208).

On March, 28, 2013, the trial court issued its findings on remand. Specifically, the trial court found, in relevant part, as follows:

> 5. The court finds that the crime being used for impeachment is dramatically different from the case the Defendant was now [sic] on trial for.

6. These differences include but are not limited to the following:

A. Theft of cash versus personal items.

B. Theft from the victim's home versus a business.

C. The Defendant knew the victim in the case now before the court and used the victim's invitation to dinner to gain access to the stolen goods.

D. In the prior conviction for theft, the money was taken without any justification proffered by the Defendant. In the case now before the court, the Defendant's position was that the items in question were given to him by the victim and that no theft occurred.

Consequently, the prior conviction was indicative of veracity and as stated in the court's original finding, the prejudicial impact of the conviction is outweighed by its probative value.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision whether to admit or exclude evidence. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

## III. ANALYSIS

### A. THE TRIAL COURT ERRED

The rules of evidence are interpreted according to the principles of statutory interpretation. See *People v Caban*, 275 Mich App 419, 422; 738 NW2d 297 (2007) (citation omitted). Accordingly, if the plain language of a rule of evidence is unambiguous, we "must enforce the meaning expressed, without further judicial con-

struction or interpretation." *People v Phillips*, 468 Mich 583, 589; 663 NW2d 463 (2003) (quotation marks and citation omitted).

### 1. MRE 609 FRAMEWORK

MRE 609 permits the admission of evidence of some prior convictions, but for a specific and narrowly defined purpose: impeachment of a witness's credibility. The Supreme Court has recognized the danger that "a jury will misuse prior conviction evidence by focusing on the defendant's general bad character, rather than solely on his character for truthtelling." *People v Allen*, 429 Mich 558, 569; 420 NW2d 499 (1988). Accordingly, MRE 609 creates a presumption that evidence of prior convictions is inadmissible to impeach a witness's credibility. MRE 609(a) ("[E]vidence that the witness has been convicted of a crime *shall not be admitted unless* . . . .") (emphasis added). That presumption can be overcome, however. First, if the prior conviction "contained an element of dishonesty or false statement," it is admissible with no further analysis required. MRE 609(a)(1). Second, if the prior conviction "contained an element of theft," it may be admissible if certain conditions are met. MRE 609(a)(2). Which conditions need be met are in part a function of whether the witness is the defendant.

As a first step, regardless of whether the witness is the defendant, the court is required to determine that the proffered prior theft crime conviction has *"significant* probative value on the issue of credibility . . . ."[1] MRE 609(a)(2)(B) (emphasis added). "For purposes of

---

[1] The other requirement that must be met regardless of whether the witness is the defendant is that the prior theft crime conviction must have been one that "was punishable by imprisonment in excess of one year or death . . . ." MRE 609(a)(2)(A). There is no dispute that this

[this] probative value determination . . . the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity." MRE 609(b). Regarding the age of the conviction, as a general matter, the older a conviction, the less probative it is. See *People v Meshell*, 265 Mich App 616, 636; 696 NW2d 754 (2005). Regarding "the degree to which a conviction of the crime is indicative of veracity," our courts have not held that theft crimes are inherently of "*significant* probative value on the issue of credibility." MRE 609(a)(2)(B) (emphasis added). Rather, our courts have held that, in general, "[t]heft crimes are minimally probative on the issue of credibility," *Meshell*, 265 Mich App at 635, or, at most, are "moderately probative of veracity . . . ." *Allen*, 429 Mich at 610-611.

Where, as here, the witness is the defendant in a criminal trial, a further step is required. Specifically, "if the witness is the defendant in a criminal trial, [the prior conviction is inadmissible unless] the court further determines that the probative value of the evidence outweighs its prejudicial effect." MRE 609(a)(2)(B). For purposes of assessing prejudicial effect, "the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify." MRE 609(b). With regard to the prior conviction's similarity to the charged offense, this Court has explained that where, as here, the prior conviction is identical to the charged offense, it is highly prejudicial because "the risk is high that a jury would convict the defendant of this offense because it knew he was guilty of the identical offense . . . ." *People v Minor*, 170 Mich App 731, 736-737; 429 NW2d 229 (1988).

requirement is met in this case; defendant's prior conviction was for larceny in a building, which is a felony. MCL 750.360.

Moreover, the Supreme Court has explained that "prejudice . . . escalate[s] with . . . increased importance of the [defendant's] testimony to the decisional process." *Allen*, 429 Mich at 606.

### 2. APPLICATION OF THE FRAMEWORK

In our remand order, we instructed the trial court to, inter alia, "conduct an analysis regarding whether defendant's prior larceny conviction was of 'significant probative value on the issue of credibility[.]' " *People v Snyder*, unpublished order of the Court of Appeals, entered March 26, 2013 (Docket No. 310208). The trial court did not do so. Instead, the trial court listed reasons why the facts underlying defendant's prior larceny conviction differed from the facts of the case at bar. These findings are irrelevant to whether evidence of defendant's prior conviction is of significant probative value on the issue of credibility because the rule specifically provides that the trial court "shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity" when conducting this inquiry. MRE 609(b). In short, the trial court has not yet offered any reason why evidence of defendant's prior larceny conviction is of significant probative value with regard to his credibility, despite two opportunities to do so: once before trial and once on remand.

With regard to whether evidence of defendant's prior conviction is of significant probative value on the issue of credibility, the plain text of the rule itself, as well as the Supreme Court's decision in *Allen*, the case in which the Supreme Court adopted the current language of MRE 609, are instructive. The plain language of first clause of MRE 609(a)(2)(B) requires that prior convictions be of "significant" probative value on the issue of

the witness's credibility. The dictionary defines "significant" as, inter alia, "a noticeably or measurably large amount." *Merriam-Webster's Collegiate Dictionary* (2003). Construing the rule to require that the prior theft crime conviction be merely probative of credibility rather than "significant[ly]" probative of credibility would render the first clause of MRE 609(a)(2)(B) surplusage, and "[i]n interpreting a [rule of evidence], we avoid a construction that would render part of the [rule of evidence] surplusage or nugatory." *People v McGraw*, 484 Mich 120, 126; 771 NW2d 655 (2009). In the instant case, the trial court made no findings why evidence of defendant's prior larceny conviction was of "significant" probative value on the issue of credibility, despite having been afforded a second opportunity to do so on remand, and we can discern from the record no reasons why evidence of defendant's prior larceny conviction is significantly probative of his character for truthfulness. See *Allen*, 429 Mich 558.

Moreover, in *Allen*, *id.* at 610, one of the defendants, Jeffrey Pedrin,[2] was impeached with evidence of a prior conviction for breaking and entering a building with intent to commit larceny; that conviction was only one year old at the time of the defendant's trial. The Supreme Court held that the conviction was only "moderately probative of veracity," explaining that the only factor that counseled in favor of increasing its probative value was its recentness; the Court did not indicate that the crime itself or its surrounding circumstances were indicative of the defendant's character for truthfulness. *Id.* at 610-611. Similarly, in this case, defendant's prior larceny conviction was only two years old at the time of

---

[2] *Allen* involved five consolidated appeals by five defendants. Subsequent references in this opinion to "the defendant" in *Allen* are to defendant Pedrin.

trial, and the trial court has provided us with no reasons why the crime or its surrounding circumstances are "indicative of veracity." MRE 609(b). Accordingly, absent reasons from the trial court to conclude otherwise, we conclude that evidence of defendant's prior larceny conviction is not of "significant probative value" on the issue of his credibility, MRE 609(a)(2)(B), but, rather, like most theft crimes, is merely of "minimal[]," *Meshell*, 265 Mich App at 635, or "moderate[]," *Allen*, 429 Mich at 610, probative value on the issue of credibility. We therefore conclude that evidence of his prior conviction was inadmissible under MRE 609(a)(2)(B), and the trial court abused its discretion by admitting it.[3]

Although the trial court's findings are irrelevant to the probative-value inquiry, they would be relevant to the court's determination regarding prejudicial effect, because "the conviction's similarity to the charged offense" is one of the two factors a court may consider in making that determination. MRE 609(b). However, the first clause of MRE 609(a)(2)(B) establishes that the court must determine that the prior conviction is of "*significant* probative value on the issue of credibility . . . ." Accordingly, if, as here, a prior conviction is not significantly probative of credibility, the prejudicial-effect inquiry is unnecessary because the prior convic-

---

[3] For similar reasons, defendant's prior conviction was not admissible under MRE 609(a). In *People v Parcha*, 227 Mich App 236, 243; 575 NW2d 316 (1997), this Court explained that mere "thievery is not 'dishonesty' within the meaning of MRE 609(a)(1)." The Court held that "[l]arceny is the most basic of theft offenses," and does not contain an element of dishonesty or false statement because if the Court held that it did, "surely every theft offense [would] contain[] an element of dishonesty, and evidence of every theft would thereby be admissible pursuant to MRE 609(a)(1). MRE 609(a)(1) may not reasonably be construed in such a fashion because to do so . . . would render MRE 609(a)(2) surplusage." *Id.* at 245.

tion has already failed to meet one of the rule's requirements. Therefore, having already concluded that evidence of defendant's prior larceny conviction is not of significant probative value on the issue of his credibility, we need not consider the trial court's findings, because they are relevant only to the prejudice analysis, which we need not reach.

However, even assuming, arguendo, that the trial court had made findings responsive to our remand order and concluded that evidence of defendant's prior larceny conviction was of significant probative value on the issue of credibility, we would still conclude that the prejudicial effect of the evidence of defendant's prior conviction outweighed its probative value. First, with regard to the prior conviction's "similarity to the charged offense," although the trial court is correct that the facts of the prior larceny were different from the facts of the instant case, the offenses themselves were not merely similar, they were identical. Accordingly, with regard to prejudicial effect, "the scale tilts decidedly towards inadmissibility" because "the risk is high that a jury would convict the defendant of this offense because it knew he was guilty of the identical offense" in a previous case. *Minor*, 170 Mich App at 736-737. Indeed, in *Allen*, the Supreme Court concluded that the prejudice increased against the defendant where "[t]he charged offense," breaking and entering an unoccupied building with the intent to unlawfully drive away an automobile, was "very similar to the prior conviction," breaking and entering with the intent to commit a larceny. *Allen*, 429 Mich at 610-611. Second, with regard to the importance of the defendant's testimony to the decisional process, the *Allen* Court concluded that prejudice increased where, as here, the "defendant's testimony was very important to the decisional process, as he had no other means of presenting his version of

events." *Id.* at 611. Similarly, in this case, which was a one-on-one credibility contest between Lesterhouse and defendant, defendant had no other way to present his version of events other than to testify. The *Allen* Court ultimately concluded that the prejudicial effect of the evidence of the defendant's prior conviction outweighed its probative value, and concluded that the trial court erred by admitting it. *Id.* The same result is warranted here.

In summary, we conclude that evidence of defendant's prior conviction was inadmissible because it is not of "significant" probative value on the issue of his credibility and therefore fails to meet the requirements for admissibility under MRE 609(a)(2)(B). Although our analysis could cease here, we also conclude that even assuming arguendo that evidence of defendant's prior conviction was of significant probative value, its probative value was outweighed by its prejudicial effect and the evidence should not have been admitted.

### B. THE TRIAL COURT'S ERROR WAS NOT HARMLESS

Where, as here, a preserved, nonconstitutional error has occurred, MCL 769.26 controls this Court's review of the error. *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). The statute "places the burden on the defendant to demonstrate that 'after an examination of the entire cause, it shall affirmatively appear that the error asserted has resulted in a miscarriage of justice.' " *Id.*, paraphrasing MCL 769.26. Accordingly, reversal is only required "if such an error is prejudicial"; in this context, "prejudicial" means that, after examining the error and "assess[ing] its effect in light of the weight and strength of the untainted evidence . . .

it affirmatively appears that the error asserted undermine[s] the reliability of the verdict." *Id.* (citation and quotation marks omitted).

We note that the trial court issued a limiting instruction to the jury, specifically instructing it to not use the evidence of defendant's prior conviction for any purpose other than to determine whether defendant was a truthful witness. Generally, "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) (citation omitted). However, the Supreme Court has explicitly held that this is not the case with regard to improperly admitted prior conviction evidence. As the Supreme Court explained in *Allen*, "[m]ost crimes can, therefore, be seen as evidence of a lack of veracity only when mediated through the belief that the individual has a bad general character," *Allen*, 429 Mich at 571, and therefore, "in the case of most prior conviction evidence the permissible consideration can only be understood by first recognizing the impermissible consideration. Where the two factors are so inextricably linked . . . [a jury cannot be] reasonably expected to follow the instruction." *Id.* at 573. Accordingly, that the trial court issued a limiting instructing is of no consequence to our determination.

We conclude that the erroneous admission of evidence of defendant's prior conviction undermined the reliability of the verdict and, therefore, that defendant has met his burden to show that the trial court's error was prejudicial. This case presented a true one-on-one credibility contest. The only evidence supporting defendant's position, that the items were given to him, was his own testimony. The only evidence supporting Lesterhouse's position, that the items were stolen, was Lesterhouse's testimony. Both versions are consistent

with the items being recovered at Scott's. Indeed, in this case, there is no "untainted evidence" against which to assess the effect of the trial court's error. *Lukity*, 460 Mich at 495. Nor did the prosecution attempt to provide this court with any examples of untainted evidence, because the prosecution did not file an appellate brief. Accordingly, on the record before us, we determine that it affirmatively appears more probable than not that the evidence of the prior conviction affected the outcome of the case. *Id.* at 496. Defendant has met his burden, and we are required to reverse defendant's conviction.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

STEPHENS, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ., concurred.