# Order

Michigan Supreme Court
Lansing, Michigan

October 10, 2014

148654

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

JONATHAN EARL JEFFERSON,
          Defendant-Appellant.

SC: 148654
COA: 309755
St. Clair CC: 11-002935-FH

_____/

On order of the Court, the application for leave to appeal the December 5, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's order denying defendant's application for leave to appeal.

In this case arising from defendant's convictions of being a felon in possession of a firearm and felony-firearm, the trial court ruled that the prosecution was permitted to impeach defendant with limited questions about his 16-year-old prior conviction for armed robbery. The Court of Appeals majority affirmed that decision. But I agree with the Court of Appeals dissent that evidence of defendant's prior conviction was not properly admitted for impeachment purposes under MRE 609.

This Court has recognized the "danger . . . that a jury will misuse prior conviction evidence by focusing on the defendant's general bad character, rather than solely on his character for truthtelling."[1] For this reason, MRE 609 provides a general rule that excludes evidence of prior convictions.[2] There are, however, two exceptions: (1) when "the crime contained an element of dishonesty or false statement"[3] or (2) when "the

---

[1] *People v Allen*, 429 Mich 558, 569 (1988).

[2] MRE 609(a) (stating that "evidence that the witness has been convicted of a crime *shall not be admitted* unless" the conditions of Subrules (a)(1) or (a)(2) are met) (emphasis added); see *Allen*, 429 Mich at 605 (explaining that unless a prior conviction falls within one of the two exceptions, "it is to be excluded from evidence without further consideration").

[3] MRE 609(a)(1).

crime contained an element of theft" and was "punishable by imprisonment in excess of one year or death . . . ."[4]

Under the first exception, evidence of a crime that contained an element of dishonesty or false statement is admissible "without further consideration."[5] There is no need for further inquiry because, for the purpose of assessing truthfulness, such crimes are deemed "directly probative of a witness' truthfulness and can be understood as reflecting upon veracity by jurors without the mediation of their deciding that the defendant has a bad general character."[6]

The second exception, for theft crimes, does however require the court to engage in further consideration. Unlike crimes for which false statement or dishonesty is an element, theft crimes are not "inherently more probative than prejudicial" on the issue of credibility.[7] But because they " 'are universally regarded as conduct which reflects adversely on a man's honesty and integrity,' " theft crimes are considered to be "more probative of veracity than other crimes."[8] Thus, a trial court must exercise its discretion and assess each theft crime on a case-by-case basis.[9]

Under the exception for theft crimes, the court is first required to determine whether the evidence "has *significant* probative value on the issue of credibility . . . ."[10] In determining probative value, "the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity," and the court must articulate its analysis for each factor on the record.[11] If the court determines that the prior conviction is not significantly probative of credibility, then the analysis should cease and the evidence should be found inadmissible.[12]

---

[4] MRE 609(a)(2)(A).

[5] *Allen*, 429 Mich at 605.

[6] *Id.* at 593-594.

[7] *Id.* at 594 n 16.

[8] *Id.* at 595, quoting *Gordon v United States*, 127 US App DC 343, 347 (1967).

[9] *Allen*, 429 Mich at 596, 606 n 33.

[10] MRE 609(a)(2)(B) (emphasis added).
[11] MRE 609(b).

[12] *People v Snyder* (*After Remand*), 301 Mich App 99, 109-111 (2013).

If the prior conviction is significantly probative of credibility and "the witness is the defendant in a criminal trial," a further step is required.[13] The trial court must then engage in a balancing test, and the conviction may only be admitted if "the probative value of the evidence outweighs its prejudicial effect."[14] In determining the prejudicial effect, "the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify," again articulating its analysis for each factor on the record.[15]

After reciting the requirements of MRE 609, the trial court ruled from the bench that the evidence was admissible, stating as follows:

> In this case we have a crime that is one that contains the element of theft, armed robbery. We have an issue before this court that turns solely upon the credibility of witnesses [who] are testifying here. This is his claim both not only an alibi witness by his direct testimony that he did not deliver this weapon to Ms. Jackson [sic], it has significant probative value. While it may have some prejudicial effect, that effect cannot measure up to the

---

[13] MRE 609(a)(2)(B); see *Snyder*, 301 Mich App at 106.

[14] MRE 609(a)(2)(B); see *Allen*, 429 Mich at 606-608 (clarifying the balancing test for theft crimes under the amended version of MRE 609 promulgated in *Allen*). I note that this balancing test shifts the burden and creates a higher bar to admissibility than the generally applicable balancing test of MRE 403, under which relevant evidence "may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice . . . ." (Emphasis added.) MRE 403 has been interpreted as placing the burden on the party opposing the admission of otherwise relevant evidence to convince the court that the evidence must be excluded because its prejudicial danger outweighs its probative worth " 'by a wide margin.' " *People v Crawford*, 458 Mich 376, 410 n 13 (1998) (BOYLE, J. dissenting), quoting Imwinkelried & Margolin, *The Case for the Admissibility of Defense Testimony About Customary Political Practices in Official Corruption Prosecutions*, 29 Am Crim L Rev 1, 29-30 (1991). Conversely, under MRE 609(a)(2)(B), the burden is on the proponent of impeachment evidence to convince the court that the evidence must be admitted because it has significant probative value that is not outweighed by its prejudicial effect—not even by a narrow margin. See *Crawford*, 458 Mich at 411-412; see also *People v Taylor*, 422 Mich 407, 419 n 5 (1985).

[15] MRE 609(b).

importance of testing his veracity in determining whether or not he's testifying truthfully or not.

It is in that sense what this defense is about. He chose to testify knowing that this is an offense for which he could be impeached. I believe that it's appropriate to impeach him on it.

Although the trial court mentioned "significant probative value," "veracity," "prejudicial effect," and the fact that defendant chose to testify, like the Court of Appeals partial dissent, I believe that the trial court failed to analyze the appropriate factors as required by MRE 609(b).[16]

Regarding probative value, notably lacking from the trial court's analysis is consideration of the age of the conviction or why evidence of defendant's 16-year-old armed robbery conviction was so "indicative of veracity"[17] as to rise to the level of "*significant* probative value."[18] Instead, the trial court found that the conviction was admissible because this case "turn[ed] solely upon the credibility of [the] witnesses . . . ." But the fact that credibility is of crucial importance in a case does not compel a finding that the particular theft conviction at issue was indicative of veracity. Indeed, in adopting the current version of MRE 609, this Court specifically rejected reliance "on the *need* or lack thereof for evaluating the defendants' credibility" as a factor when evaluating the admissibility of evidence under MRE 609.[19] The trial court erred not only by failing to properly address the required probative value factors, but also by relying on a factor that this Court has eliminated from consideration. Further, given the prosecution's failure to

---

[16] *People v Jefferson*, unpublished opinion per curiam of the Court of Appeals, issued December 5, 2013 (Docket No. 309755) (SHAPIRO, J., concurring in part and dissenting in part), pp 2-3.

[17] MRE 609(b).

[18] MRE 609(a)(2)(B) (emphasis added); see *Snyder*, 301 Mich App at 106 ("[O]ur courts have held that, in general, '[t]heft crimes are minimally probative on the issue of credibility,' or, at most, are 'moderately probative of veracity . . . .' ") (citations omitted) (second alteration in original). Indeed, this Court has stated that although robbery contains an element of theft, it is primarily an assaultive crime and has an even "lower probative value on the issue of credibility than . . . other theft crimes." *Allen*, 429 Mich at 611.

[19] *Allen*, 429 Mich at 602; see *id.* ("It is our view that it is the effect on the decisional process if the defendant does not testify which must predominate and so the contradicting 'credibility contest' factor must therefore be eliminated.").

provide any grounds on which to conclude otherwise, I would hold that the armed robbery conviction lacked significant probative value and was inadmissible.[20]  Absent a showing of significant probative value, there was no need to determine the prejudicial effect.[21]

Regardless, even assuming that there were grounds on which to determine that the armed robbery conviction had the requisite probative value, the trial court further erred by failing to properly assess the crime's prejudicial effect.  As the Court Appeals partial dissent correctly pointed out, " 'the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify' " was not at issue because defendant had already testified.[22]  But the trial court failed to even mention, let alone articulate, its analysis of "the conviction's similarity to the charged offense," as MRE 609(b) requires.

Finally, I agree with the Court of Appeals partial dissent that the error in admitting the evidence was not harmless.[23]  Because "whether defendant possessed a firearm was purely a question of witness credibility,"[24] I believe that "the danger that [the] evidence admitted to impeach the defendant-as-witness was used by the jury in evaluating defendant-as-defendant"[25] was too high and that it is more probable than not that the reliability of the verdict was undermined.[26]

---

[20] See footnote 14 of this dissenting statement; see also *Snyder*, 301 Mich App at 109.

[21] See *Snyder*, 301 Mich App at 109-111.

[22] *Jefferson*, unpub op at 3 (SHAPIRO, J., concurring in part and dissenting in part), quoting MRE 609(b).

[23] *Id.* at 3-4, citing *Snyder*, 301 Mich App at 112-113.

[24] *Jefferson*, unpub op at 4.

[25] *Allen*, 429 Mich at 567.

[26] See *People v Lukity*, 460 Mich 484, 495 (1999).

For these reasons, I would reverse and remand for a new trial.

CAVANAGH and MCCORMACK, JJ., join the statement of VIVIANO, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 10, 2014

Clerk

d1007