# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HOWARD LEROY McMANAMY,

Defendant-Appellant.

UNPUBLISHED
January 22, 2015

No. 318545
Oakland Circuit Court
LC No. 2013-245729-FH

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

O'CONNELL, P.J., (*dissenting*).

Defendant is a serial sex offender who is required to register under the Michigan's Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. However, I disagree with the majority opinion reversing his conviction of failing to register as a sex offender, MCL 28.729(1), and remanding for a new trial. The majority's linear reasoning fails to appreciate the ways in which this case is different from *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997), and fails to appreciate the trial court's role of weighing the probative value and prejudicial effect of evidence. In cases such as this, in which the prior conviction is relevant for other reasons and the stipulation itself would expose the jury to the nature of the offense, I would require the trial court to conduct an MRE 403 analysis to determine if the probative value outweighs the prejudicial effect. Here, the trial court did exactly that, and I would not disturb this discretionary decision of the trial court. I would affirm the trial court's learned decision.

## I. OVERVIEW OF THE ISSUES

The majority's opinion ably states the facts of this case. Defendant challenged the admission of his certified record of conviction and his cross-examination on the convictions, which essentially mirrored each other. His only objection was that evidence of the degree of his prior convictions would be unfairly prejudicial. On appeal, he complains that he was prejudiced because the prosecutor's admission of a certified copy of his prior convictions allowed the jury to hear the degree of the sexual offenses. Defendant contends that the trial court abused its discretion in admitting the evidence when defendant offered to stipulate that he had a sex offense conviction. The prosecutor responds that the best evidence to establish that defendant is a sex offender is his prior conviction and, in any event, the error was harmless.

As I see it, this case presents three issues: (1) whether the trial court abused its discretion under *Old Chief* because defendant's stipulation rendered other evidence of his convictions

-1-

irrelevant, (2) whether the trial court erroneously weighed the probative value and prejudicial effect of the evidence under the specific facts of this case, and (3) whether the trial court's error, if it in fact erred, was harmless.

## II. STANDARD OF REVIEW

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). We review de novo preliminary questions regarding the admissibility of evidence. *Mann*, 288 Mich App at 117.

## III. *OLD CHIEF*

In *Old Chief,* the United States Supreme Court held that it was an abuse of discretion to reject a defendant's offer to stipulate to a prior judgment and instead admit the full record of the judgment, "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Old Chief*, 519 US at 174. The defendant was charged with assault with a dangerous weapon and felon in possession of a firearm. *Id*. The defendant had a prior conviction of "assault causing serious bodily injury." *Id*. at 175. He sought to stipulate that he had a prior felony in order to avoid admission of the names and natures of his prior felonies, and he argued that further proof was not relevant in light of his stipulation. *Id*. at 175. The prosecutor contended that he was allowed to "prove his case in his own way," and the trial court agreed, denying defendant's request to enter a stipulation. *Id*. at 177.

The United States Supreme Court ruled that the trial court abused its discretion in admitting the evidence because its probative value was substantially outweighed by its prejudicial effect. *Id*. at 191. The Court reasoned in part that the notes to the rules indicated that the probative value of an item may be lessened when there are other means of proof available, *Id*. at 184, and the prejudicial effect of introducing a defendant's prior convictions may be high. *Id*. at 185. It also reasoned that the defendant's stipulation was "seemingly conclusive of evidence of the element" in that case—namely, the defendant's commission of a prior felony. *Id*. at 186.

The United States Supreme Court opined that the prosecutor's entitlement to prove the case in his or her own way had "virtually no application when the point at issue is a defendant's legal status[.]" *Id*. at 190. Ultimately, the United States Supreme Court concluded:

> For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available. [*Id*. at 191.]

The majority concludes that *Old Chief* controls in this case. I disagree and conclude that *Old Chief* is distinguishable on its facts. While certain facts are analogous—the defendant in *Old Chief*, as defendant here, offered to stipulate to a prior conviction, the prosecutor contended that his entitlement to prove his case his own way overrode the stipulation, and the trial court ultimately admitted the evidence—other facts are highly distinguishable. Therefore, I disagree that the trial court erred *as a matter of law* by admitting the evidence.

This case concerns a different type of status offense than *Old Chief* concerned. In *Old Chief*, any generic felony would support the "status" of a prior felony for the specific charge of felon in possession of a firearm. Stated another way, the nature of the felony is of little consequence in a felon in possession of a firearm case. Any generic felony is sufficient to form the foundation for a felon in possession of a firearm change. This is not true in SORA cases in which the prosecutor must prove a specific sex offense felony and the degree of the felony in order to establish a specific SORA violation. This changes the balance of the probative value and prejudicial effect that was critical to *Old Chief*'s reasoning.

*Old Chief* rested in part on the belief that the defendant's stipulation was conclusive of a specific element of the case. In this case, while the majority opines that the proposed stipulation would have eliminated the prosecutor's need to prove most of the elements of defendant's crime, that is not how I read the record. The model criminal jury instruction regarding stipulations provides the following:

When the lawyers agree on a statement of facts, these are called stipulated facts.
You may regard such stipulated facts as true, but you are not required to do so.
[M Crim JI 4.7.]

One of the prosecutor's concerns in this case was that "the jury instruction allows the jury to accept or reject the stipulation." The trial court included in its reasoning, when it allowed the prosecutor to admit the certified copy of conviction, that "[the jurors] don't have to accept the stipulation." Unlike in *Old Chief*, the defendant's stipulation was not conclusive of the elements of the crime, since the jury would have been free to reject the stipulation.

Most importantly, in this case, the trial court conducted a balancing under MRE 403. The trial court in *Old Chief* entirely failed to conduct such a balancing. Under MRE 403, the trial court has the best opportunity to contemporaneously assess the relative weight of the evidence's probative value and prejudicial effect. *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).

Regarding the evidence's probative value, the certified copy of defendant's prior conviction had purposes other than establishing the fact that defendant was convicted. The majority completely fails to recognize that defendant's certified record was not admitted "solely to prove the element of prior conviction." See *Old Chief*, 519 US at 174. Unlike felon-in-

-3-

possession, the charge involved in *Old Chief*, this case concerns a specific intent crime.[1] The prosecutor must prove the defendant "willfully" violated SORA. The certified copy of conviction helped to establish this by proving that (1) defendant qualified as a sex offender who was required to register under SORA, when not all sex offenses qualify, (2) defendant had registration requirements, and (3) defendant was aware of each requirement, because defendant initialed each requirement. Therefore, the evidence had more probative value than simply proving defendant's status as an offender.

Regarding the evidence's prejudicial effect, defendant's offer to stipulate that he had a sex offense is of a different quality than the *Old Chief* defendant's offer to stipulate to a prior felony. A wide variety of behaviors qualify as felonies, including crimes with such different qualities as contingent lobbying, MCL 4.421(1), and assault with intent to do great bodily harm, MCL 750.84. In *Old Chief*, the defendant's prior felony was exactly of the same character as the felony for which he was charged in the case. See *Id*. at 174-175. In cases where the prior conviction is identical to the charged offense, the risk of unfair prejudice is particularly high. *People v Snyder*, 301 Mich App 99, 106; 835 NW2d 608 (2013). But in the present case, the prior conviction of committing criminal sexual conduct was not identical to failing to register or larceny in a building.

Further, both the challenged evidence and the proffered stipulation carry a risk of unfair prejudice because they both informed the jury that defendant was a sex offender and allowed the jury to improperly view defendant as a bad person deserving punishment. See *Old Chief*, 519 US at 180-181. Under the defendant's stipulation, the jury would have been aware of the most prejudicial aspect of the information, the nature of defendant's prior conviction.

Consequently, the only distinguishing feature between the offered stipulation and the challenged evidence is the specific nature of defendant's sexual offenses. In this case, my review of the record shows that the difference only marginally, if at all, increased the prejudicial risk that defendant's convictions might improperly affect the jury's decision. The trial court was in the best position to determine whether this minimal prejudicial effect substantially outweighed the evidence's probative value.

I conclude that the challenged evidence does not present a significantly greater "risk of a verdict tainted by improper considerations" than the risk presented by defendant's proffered stipulation. See *Id*. at 174. Accordingly, I cannot say that the probative value of the challenged evidence, in light of defendant's proffered stipulation, substantially outweighed the risk of unfair prejudicial risk. Therefore, the trial court did not abuse its discretion as a matter of law by declining to exclude the challenged evidence in lieu of defendant's limited stipulation. See *Id*. at 183.

IV. HARMLESS ERROR

---

[1] "[F]elon-in-possession is a general intent crime." *People v Dupree*, 284 Mich App 89, 120; 771 NW2d 470 (2009).

The majority's opinion fails to consider whether the error in this case was harmless. Even if I concluded that the trial court erroneously admitted the evidence, I would still affirm in this case because the error was harmless.

When the evidentiary error is preserved, nonconstitutional error, we presume that the error is harmless unless it appears from an examination of the entire record that it is more probable than not that the error affected the outcome of the proceedings. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). In *People v Swint*, 225 Mich App 353, 377; 572 NW2d 666 (1997), this Court similarly found an abuse of discretion where the trial court refused "to exclude evidence of [the defendant's] prior felony conviction of assault with a dangerous weapon in exchange for a stipulation and plea that defendant had been convicted of felonious assault and was ineligible to possess a firearm." However, in *Swint*, this Court concluded the error was harmless because the defendant's stipulation "would have placed the jury on notice regarding the type of felony that he committed." *Id*. at 379.

As in *Swint*, defendant's stipulation here would have placed the jury on notice of the type of felony that defendant committed. I disagree with the majority that the number and type of offenses was more damaging than notice of the type of offense that defendant committed. For the same reasons that I conclude the evidence was minimally prejudicial, I am not convinced that it was more probable than not that the jury's exposure to the fact defendant committed four sexual offenses on a single date, or the degree of those offenses, changed the outcome of the proceedings.

I would affirm the well-reasoned decision of the trial court.

/s/ Peter D. O'Connell

-5-