# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

GEORGE DEANDRE LEDBETTER,

       Defendant-Appellant.

UNPUBLISHED
February 25, 2016

No. 323915
Wayne Circuit Court
LC No. 14-001091-FC

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, carjacking, MCL 750.529a, and receiving and concealing a stolen motor vehicle, MCL 750.535(7). Defendant was sentenced to 85 to 180 months' imprisonment for the armed robbery and carjacking convictions, and one to five years' imprisonment for the receiving and concealing stolen property conviction. We affirm.

This case arises from a carjacking that took place in Detroit. At trial, Terence Jones testified on behalf of the defense, corroborating defendant's story that a woman was the actual carjacker. Defendant argues that he was denied a fair trial when the trial court allowed Jones to be impeached by a prior conviction of second-degree home invasion. We disagree.

The trial court has discretion regarding the admissibility of prior convictions for impeachment purposes. *People v Meshell*, 265 Mich App 616, 634; 696 NW2d 754 (2005). Preserved evidentiary issues are reviewed for an abuse of discretion. *People v Orr*, 275 Mich App 587, 588; 739 NW2d 385 (2007). An abuse of discretion occurs when the trial court chooses an outcome that is "outside the range of reasonable and principled outcomes." *Id.* at 588-589. "A trial court's decision on a close evidentiary question generally cannot be an abuse of discretion." *Meshell*, 265 Mich App at 637. Preliminary questions of law regarding admissibility of evidence are reviewed de novo. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). An error in the admission of evidence does not warrant reversal unless it is more probable than not that the error was outcome determinative. *Id.* at 105. The error is presumed to be harmless, and the defendant bears the burden of demonstrating that the error resulted in a miscarriage of justice. *People v Snyder (After Remand)*, 301 Mich App 99, 111; 835 NW2d 608 (2013).

-1-

To be admissible under MRE 609(a)(2), where the relevant prior conviction was for a felony theft crime, the prior offense must be of "significant probative value on the issue of the witness's credibility." *Snyder*, 301 Mich App at 107-108 (quotation marks omitted). If, "in light of its nature and vintage," the prior offense is significantly probative of veracity, it "should be admitted. If not, it should be excluded." *People v Allen*, 429 Mich 558, 608; 420 NW2d 499 (1988), amended sub nom *People v Pedrin*, 429 Mich 1216 (1988). The judge is also to consider the age of the conviction, noting that, "as a general matter, the older a conviction, the less probative it is." *Snyder*, 301 Mich App at 106.

When the trial judge made his ruling, he stated, "I would find that the home invasion second degree has significant probative value on the issue of credibility because it involves going into other people's houses without permission for the purpose of stealing from their homes and it fits within the requirements of the rule." The judge further noted, "It's not like simply taking a candy bar from a store. It's considered a crime against a person I suppose as opposed to simply a property crime."

Generally, "[t]heft crimes are minimally probative on the issue of credibility." *Meshell*, 265 Mich App at 635. Breaking and entering with intent to commit larceny is a theft crime that is only "moderately probative of veracity." *Allen*, 429 Mich at 610-611. Given that there was nothing unusual about Jones's crime that would increase its probative value beyond the normal assessment, Jones's crime was likely only minimally or moderately probative of his veracity. See *Allen*, 429 Mich at 610-611; *Meshell*, 265 Mich App at 635. Furthermore, Jones's conviction was 10 years old at the time of trial, which served to decrease its probative value. See *Snyder*, 301 Mich App at 106. Because Jones's prior conviction was likely not significantly probative of veracity, it should have been excluded. See *id.* at 107-108.

However, even if the trial court erred when it admitted evidence of Jones's prior conviction, defendant has not established that the admission of the prior conviction was outcome-determinative error that warrants reversal. See *Duenaz*, 306 Mich App at 105. The prosecution's case against defendant was strong. There is little reason to believe that, even with the full benefit of Jones's testimony, defendant would not have been convicted. Sukhpreet Multani, the victim, gave consistent, believable testimony free from any obvious inconsistencies. Multani was able to immediately identify defendant in a lineup of five people and repeatedly noted that he was totally confident that defendant was the man who carjacked him. Multani remembered that the carjacker was wearing Cartier glasses, and defendant was wearing Cartier glasses when he was apprehended a few weeks later. Defendant was found driving the stolen car, and defendant admitted to being at the scene. Defendant gave somewhat implausible testimony that he went so far as to open the door of Multani's car and lean in before changing his mind and exiting the car. Defendant admitted that he lied to Officer Nelson Robinson, a Detroit police officer, about who was present at the scene, who was responsible for the robbery, and whether Multani's vehicle hit his own vehicle. Until trial, defendant had never told anyone that the actual carjacker was a woman named "Cookie." Jones's testimony somewhat conflicted with defendant's testimony because Jones indicated the incident occurred on January 5, 2014, and defendant indicated the incident occurred on January 3, 2014. Furthermore, Jones testified that he was on his way to work on Sunday, January 5, 2014, when the incident occurred, but also testified that he does not work on Sundays. Finally, the admission of Jones's prior home

invasion conviction did not somehow prevent the jury from hearing and considering his testimony; at most, it slightly impacted the weight the jury gave to Jones's testimony.

The evidence against defendant was strong, and the defense case was weak. Defendant has failed to demonstrate that any error likely affected the outcome of the trial court proceedings. *Duenaz*, 306 Mich App at 105. Therefore, the admission of Jones's prior conviction did not deprive defendant of his right to a fair trial. See *Snyder*, 301 Mich App at 111.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens