# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 6, 2018

155239

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JONATHAN DAVID HEWITT-EL, a/k/a
JONATHAN DAVID HEWITT,
        Defendant-Appellant.

SC: 155239
COA: 332946
Wayne CC: 10-002907-FC

_____/

On March 3, 2018, the Court heard oral argument on the application for leave to appeal the September 15, 2011 judgment of the Court of Appeals. By order of March 30, 2018, the Court of Appeals opinion was vacated and the case was remanded to that court for reconsideration. On order of the Court, the Court of Appeals opinion on remand having been received, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

BERNSTEIN, J. (*dissenting*).

I respectfully dissent from the order denying leave to appeal. After hearing oral argument on the application for leave to appeal, we vacated the Court of Appeals opinion and remanded the case to the Court of Appeals for reconsideration. In particular, we directed the Court of Appeals to determine whether the defendant is entitled to relief under MCR 6.508(D).

In this case, defendant raised substantive claims of ineffective assistance of counsel, arguing that his trial counsel had failed him in numerous ways. On remand, the Court of Appeals concluded that trial counsel's performance had been defective only in his handling of an MRE 609 issue; this was in contrast to the trial court's conclusion that trial counsel had also erred by failing to investigate or call potential alibi witnesses as well as potential medical experts. The Court of Appeals determined that the trial court had clearly erred by finding that trial counsel had erred in these additional respects. In so holding, the Court of Appeals credited trial counsel's testimony at the evidentiary hearing and found that trial counsel's strategy was reasonable.

I write separately because it seems clear to me that the Court of Appeals is the one that has committed legal error here, not the trial court. The Court of Appeals refers to ample, well-grounded caselaw for the proposition that appellate courts should not " 'second-guess [defense counsel's] strategic decisions with the benefit of hindsight.' " *People v Hewitt-El (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued May 8, 2018 (Docket No. 332946), p 7, quoting *People v Dunigan*, 299 Mich App 579, 590 (2013). However, in giving trial counsel deference, the Court of Appeals completely fails to acknowledge the deference it owes to the trial court's factual findings.

"Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). As this Court has previously stated, "if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we will defer to the trial court, which had a superior opportunity to evaluate these matters." *People v Sexton (After Remand)*, 461 Mich 746, 752 (2000). Moreover, in this case, the same judge presided over both the trial and the post-conviction evidentiary hearing, and was thus the only one who had the opportunity to assess the credibility of all of the relevant witnesses.

Curiously, despite the fact that the clear-error standard of review is as well settled as the standard of review that applies to ineffective assistance of counsel claims, at no point in its opinion does the Court of Appeals give the trial court's factual findings the deference they are due. Although lip service is paid to the notion that factual findings are only clearly erroneous "if the reviewing court, upon review of the entire record, 'is left with a definite and firm conviction that a mistake has been made,' " *Hewitt-El*, unpub op at 4, quoting *People v McSwain*, 259 Mich App 654, 682 (2003), the Court of Appeals completely fails to engage in any analysis of how the trial court's findings were clearly erroneous.

Despite noting that review of the entire record is warranted, the Court of Appeals only focuses on trial counsel's self-serving testimony,[1] neglecting the parts of his testimony that were vague, inconsistent, and found not to be credible by the trial court.

---

[1] The trial court specifically noted: "While [trial counsel] believes he performed strategically and without errors, this Court finds that his opinion of himself is inflated and unreasonable and if not for the numerous aforementioned errors, there is a reasonable probability that the proceeding would have been different."

Although caselaw instructs that factual findings are only clearly erroneous when an appellate court is left with a definite and firm conviction that a mistake has been made, the Court of Appeals does not begin to explain how the trial court's credibility finding was mistaken in the first place, much less how the Court of Appeals is possessed of the definite and firm conviction thereof. The Court of Appeals opinion fails to even acknowledge the trial court's contrary credibility determination; instead of grappling with the proper standard of review, the Court of Appeals effortlessly glides right over what it leaves out, acting as if it is merely filling a space where nothing previously existed.

That the Court of Appeals disagrees with the trial court's credibility determination seems clear; what is less clear is where in the law the Court of Appeals finds the authority to substitute its own credibility determination for that of the trial court. Because I would apply our well-settled caselaw and the plain and unambiguous language of our court rules to the facts of this case, I would find that trial counsel's performance was deficient in multiple regards.

Despite having previously noted that "[a]llowing the jury to learn that defendant had previously been convicted of armed robbery five times substantially increased the risk of unfair prejudice to defendant, particularly where defendant was presently charged with armed robbery," *Hewitt-El*, unpub op at 6-7, when addressing whether trial counsel's performance was prejudicial, the Court of Appeals merely notes that the prosecution had a strong case. No mention is made of this substantial risk of unfair prejudice. Here, the prior convictions that were admitted were identical to the one defendant was being tried for, and were thus highly prejudicial. See *People v Snyder*, 301 Mich App 99, 106 (2013). Excluding these prior convictions would have materially improved defendant's odds of acquittal, especially where defendant was the sole witness in his own defense, and his credibility was thus of utmost importance. I would find that defendant has established a reasonable likelihood that, but for trial counsel's deficiency, he would have been acquitted. See MCR 6.508(D)(3)(b)(i).

MCCORMACK, J., joins the statement of BERNSTEIN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 6, 2018



Clerk

t0703