*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

AISHA TOMIKA WILLIAMS,

        Defendant-Appellee.

UNPUBLISHED
December 09, 2025
2:52 PM

No. 372291
Berrien Circuit Court
LC No. 2023-000109-FC

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[1] the trial court's order denying in part the prosecution's motion in limine. The prosecution specifically challenges the trial court's decision to allow defense counsel to question a police officer about a statement that he made while reviewing the video evidence in this case. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS

This case arises out of a physical altercation between defendant and the decedent, resulting in the decedent's death. The altercation occurred in the third-floor lobby of the River Terrace Housing Complex. During the investigation, Officer Danny Pooley of the Benton Harbor Police Department went to River Terrace's camera room to obtain a copy of the relevant security footage. With the help of a River Terrace employee, Officer Pooley used his body camera to record the security footage as it played at an accelerated speed on a monitor—in the body camera recording, Officer Pooley is heard stating, "He's attacking her."

---

[1] This Court originally denied the prosecution's leave to appeal. *People v Williams*, unpublished order of the Court of Appeals, entered December 30, 2024 (Docket No. 372291). But the Michigan Supreme Court later remanded this case to our Court "for consideration as on leave granted." *People v Williams*, 21 NW3d 202 (Mich, 2025).

Defendant was charged with open murder; she claimed self-defense. Defendant's first trial resulted in a mistrial because the jury was unable to reach a unanimous verdict. During that trial, the prosecution requested that the trial court mute Officer Pooley's statement in the body camera recording. Nonetheless, for reasons that are not disclosed in the record, the trial court allowed the recording to be played—with audio—for the jury.

During preparations for a retrial, a copy of the original surveillance video was discovered. Thereafter, the prosecution moved in limine to exclude, *inter alia*, Officer Pooley's statement, arguing that it constituted inadmissible hearsay. At a hearing held on the motion, defendant argued that Officer Pooley's statement was admissible as: (1) a present sense impression, pursuant to MRE 803(1); (2) an excited utterance, pursuant to MRE 803(2); and (3) a layperson opinion, pursuant to MRE 701. The trial court ultimately granted the prosecution's request to exclude the body camera recording because the original recording was now available. But, without clarifying why, the trial court denied the prosecution's request to exclude the admission of Officer Pooley's statement. The prosecution now appeals.

## II. ADMISSION OF EVIDENCE

On appeal, the prosecution argues that the trial court abused its discretion by allowing the admission of Officer Pooley's statement. We agree.

## A. PRESERVATION AND STANDARD OF REVIEW

The prosecution preserved this issue by raising it in it their motion in limine. See *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). "This Court reviews for an abuse of discretion a trial court's decision whether to admit or exclude evidence." *People v Snyder*, 301 Mich App 99, 104; 835 NW2d 608 (2013). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "Preliminary issues of law, including the interpretation of the rules of evidence and the effect of constitutional provisions, are reviewed de novo." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011).

## B. ANALYSIS

Hearsay is an unsworn, out-of-court statement that is offered to establish the truth of the matter asserted. MRE 801(c). It is generally inadmissible unless it falls under one of the hearsay exceptions found in the Michigan Rules of Evidence. MRE 802.

In this case, defendant seeks to admit Officer Pooley's statement to establish the truth of the matter asserted, i.e., that the decedent attacked her. It is also clear that the officer's statement qualifies as an unsworn, "out-of-court" statement. Therefore, the prosecutor correctly represents that the statement is inadmissible hearsay unless the statement falls under one of the recognized hearsay exceptions.

## 1. PRESENT SENSE IMPRESSION—MRE 803(1)

The hearsay exception regarding a declarant's present sense impression is outlined under MRE 803(1). Under that exception, an out-of-court statement may be offered for the truth of the

matter asserted without offending the rule against hearsay if the statement describes or explains "an event or condition made while or immediately after the declarant perceived it." The following three requirements must be met for this exception to apply: "(1) the statement must provide an explanation or description of the perceived event, (2) the declarant must have personally perceived the event, and (3) the explanation or description must have been made at a time 'substantially contemporaneous' with the event." *People v Chelmicki*, 305 Mich App 58, 63; 850 NW2d 612 (2014) (citation omitted).

In this case, approximately 30 minutes after the altercation occurred, Officer Pooley made his statement when viewing an accelerated playback of a security camera recording. Therefore, he did not *personally* perceive the event; he only perceived a video of the event. See *id*. Consequently, his statement was not the product of his own perceptions of the altercation, but rather a product of viewing the video's content that was being played back at an accelerated speed. Additionally, when Officer Pooley initially arrived at the scene, he assisted an officer on the third floor before obtaining the surveillance footage. Considering that the officer he assisted was the officer who helped medical personnel load the decedent onto a stretcher, it is likely that Officer Pooley knew that the decedent was seriously injured or deceased at the time that he obtained the surveillance footage. Accordingly, Officer Pooley's impression of the video may have been impacted by the knowledge that he gleaned at the scene before watching the video.

If a person's reaction to, and narration of, video footage concerning an "event," after the event concluded, qualified as a "personal perception" of the event, pursuant to MRE 803(1), then parties could simply record a witness's reaction to video footage to produce statements supporting their position. These are not the sort of statements that MRE 803(1) aims to allow. As previously stated, MRE 803(1) allows statements that were *personally* perceived by the declarant at a time substantially contemporaneous with the event. See *id*.

Under these circumstances, the trial court abused its discretion to the extent that it found that the statement was admissible as a present sense impression. See *id*.

## 2. EXCITED UTTERANCE—MRE 803(2)

The hearsay exception regarding a declarant's excited utterance is outlined under MRE 803(2). Under that exception, an out-of-court statement may be offered for the truth of the matter asserted without offending the rule against hearsay if the statement related "to a startling event or condition, made while the declarant was under the stress of excitement that it caused." This "rule allows hearsay testimony that would otherwise be excluded because it is perceived that a person who is still under the sway of excitement precipitated by an external startling event will not have the reflective capacity essential for fabrication so that any utterance will be spontaneous and trustworthy." *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998) (quotation marks and citation omitted).

There are "two primary requirements for excited utterances: 1) that there be a startling event, and 2) that the resulting statement be made while under the excitement caused by the event." *Id*. "[I]t is the lack of capacity to fabricate, not the lack of time to fabricate, that is the focus of the excited utterance rule. The question is not strictly one of time, but of the possibility for conscious reflection." *Id*. at 551.

In this case, the startling event was the altercation. Officer Pooley was not present when the startling event occurred. Rather, he merely viewed an accelerated video of the event after assisting an officer at the crime scene. Because Officer Pooley was not present at the startling event, he cannot have been under the stress or excitement caused by the event when he made his statement. Under these circumstances, the trial court abused its discretion to the extent that it found that the statement was admissible as an excited utterance. See *id*.

## 3. LAYPERSON OPINION—MRE 701

MRE 701 permits the admission of lay opinion testimony, but only if those opinions are "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." MRE 701; See *People v Fomby*, 300 Mich App 46, 48-49; 831 NW2d 887 (2013).

In this case, the statement that Officer Pooley made in the body-camera recording would not assist the jury in determining who the aggressor was in the altercation. Officer Pooley's statement was made when viewing the security video at an accelerated speed, and there was no indication that he ever viewed the video at a normal speed. But on retrial, the jury will be able to view the original recording, which the trial court noted clearly portrayed the event, to determine each party's actions. Under these circumstances, Officer Pooley's statement would not be helpful to the determination of a fact in issue. *Fomby*, 300 Mich App at 48-49. Accordingly, the trial court abused its discretion to the extent it found that the statement was admissible under MRE 701.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney