PEOPLE v COOK

Docket No. 280600. Submitted January 13, 2009, at Lansing. Decided August 27, 2009, at 9:00 a.m.

Robert M. Cook was convicted following a bench trial in the Menominee Circuit Court, Richard J. Celello, J., of two counts of delivery of a controlled substance and one count of possession of contraband by a prisoner. The defendant appealed, alleging that he did not waive his right to a jury trial and was, therefore, deprived of that right.

The Court of Appeals *held*:

1. The record shows that the trial court did not inform the defendant of his constitutional right to a jury trial. In addition, the defendant did not sign a written waiver statement, his attorney did, and the defendant, when told that there was a written waiver, objected and stated that he did not sign a waiver. The defendant's trial counsel's statement that the defendant agreed to waive his jury trial right and the written waiver signed only by counsel did not constitute a valid waiver. The defendant did not validly waive his right to a jury trial. The trial court was without authority to proceed with a bench trial.

2. A constitutionally invalid waiver of the right to a jury trial is a structural error that requires automatic reversal. The defendant's convictions must be reversed, and the case must be remanded for a new jury trial or a bench trial after a valid waiver of a jury trial.

Reversed and remanded.

CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO JURY TRIAL — INVALID WAIVER OF RIGHT TO JURY TRIAL — STRUCTURAL ERRORS.

A constitutionally invalid waiver of a criminal defendant's constitutional right to a jury trial is a structural error that requires automatic reversal (US Const, Am VI; Const 1963, art 1, § 20).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Daniel E. Hass*, Prosecuting Attorney, and *William E. Molner*, Assistant Attorney General, for the people.

*State Appellate Defender* (by *Gail Rodwan*) for the defendant.

Before: OWENS, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Defendant was convicted, following a bench trial, of delivery of a controlled substance (diazepam), MCL 333.7401(2)(c), delivery of a controlled substance (morphine), MCL 333.7401(2)(a)(*iv*), and possession of contraband by a prisoner, MCL 800.281(4). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 3 to 8 years, 4 years and 6 months to 40 years, and 2 to 10 years for those respective convictions. On appeal, defendant argues that the trial court deprived him of his right to a jury trial. We agree, and we reverse and remand.

I. FACTS AND PROCEDURAL HISTORY

Defendant was an inmate at the Menominee County Jail who was serving his jail sentence on the weekends. Another inmate informed officers that defendant was dispensing controlled substances or pills inside the jail. During defendant's next stay at the jail he allegedly exchanged with the other inmate, who was working with the officers, two pills for a bag of candy. A search of defendant's cell produced additional pills. Defendant has a prescription for both morphine and diazepam and claims he accidentally brought them into the jail.

Before opening statements at his trial, the court stated that defendant had pleaded not guilty to the charges and had agreed to waive his right to a jury trial. The court further stated that the waiver was in writing and contained in each case file. After the court mentioned the jury trial waiver, defendant stated, "Your Honor, I did not sign this waiver." When asked to clarify,

defendant stated, "I did not sign the waiver of trial." Defendant's counsel, who was the person who signed the waiver, then addressed the court stating that an agreement between him and defendant to waive the jury trial and have a bench trial was made during one of the pretrial conferences. After defense counsel made that statement, defendant stated "no." There is also no transcribed record of a pretrial conference where such an agreement was made. The court accepted defense counsel's version of the facts and proceeded with the bench trial. At the conclusion of the bench trial, defendant was convicted of all three charges against him.

## II. RIGHT TO A JURY TRIAL

### A. JURY WAIVER

The adequacy of a jury trial waiver is a mixed question of fact and law. *United States v Carmenate*, 544 F3d 105, 107 (CA 2, 2008). A criminal defendant has a constitutionally guaranteed right to a jury determination that he is guilty beyond a reasonable doubt. US Const, Am VI; Const 1963, art 1, § 20; *People v Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001). However, with the consent of the prosecutor and the approval of the trial court, a defendant may waive his right to a jury trial. MCL 763.3; MCR 6.401; *People v Leonard*, 224 Mich App 569, 595; 569 NW2d 663 (1997). In order for a jury trial waiver to be valid, however, it must be both knowingly and voluntarily made. MCR 6.402(B); *People v Godbold*, 230 Mich App 508, 512; 585 NW2d 13 (1998).

By complying with the requirements of MCR 6.402(B), a trial court ensures that a defendant's waiver is knowing and voluntary. See *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003) (noting that compli-

ance with these procedures creates a presumption that the waiver was knowing, voluntary, and intelligent). In the present case, the trial court did not comply with the requirements of MCR 6.402(B). However, the prosecution argues that the failure to follow the procedure set out in MCR 6.402(B) does not merit automatic reversal, as long as defendant's waiver was knowingly, voluntarily, and intelligently made. *Mosly, supra.*

In this case, defendant did not sign a written waiver statement, his attorney did. In addition, at no point did the trial court inform defendant of his constitutional right to a jury trial. Further, after the court stated that defendant had waived his right to a jury trial, defendant objected and asserted that he had not waived his jury trial right. The prosecution argues that defendant informed his trial counsel that he wanted a nonjury trial and authorized his trial counsel to waive his right to a jury trial. A defendant has no right to withdraw a waiver of jury trial once it is validly made, but here there is no record of such a waiver having been made by defendant.

In addition, an attorney cannot waive the right to a jury trial "without the fully informed and publicly acknowledged consent of the client . . . ." *Taylor v Illinois*, 484 US 400, 418 & n 24; 108 S Ct 646; 98 L Ed 2d 798 (1988); see also *Florida v Nixon*, 543 US 175, 187; 125 S Ct 551; 160 L Ed 2d 565 (2004) (noting that "certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate"); *People v Newson*, 173 Mich App 160, 165; 433 NW2d 386 (1988) (noting that a defendant's trial counsel may not waive the defendant's right to a jury trial); but see *Gonzalez v United States*, 553 US ___, ___; 128 S Ct 1765, 1774; 170 L Ed 2d 616, 630 (2008) (Scalia, J., concurring in the

judgment) (arguing that the Supreme Court has not directly held that there are fundamental rights that a defendant's attorney may not waive on the defendant's behalf and stating that he would adopt the rule that "all waivable rights . . . can be waived by counsel"). Therefore, defendant's trial counsel's statement that defendant agreed to waive his jury trial and the written waiver signed only by counsel do not constitute a valid waiver. Without any evidence on the record that defendant was fully informed about his right to a jury trial and voluntarily waived that right, we must conclude that defendant did not validly waive his right to a jury trial. Therefore, the trial court was without authority to proceed with a bench trial.

## B. THE NATURE OF THE ERROR

Our conclusion that the trial court erred when it proceeded with a bench trial leads us to our next determination, which is whether the error is susceptible to harmless error analysis. The deprivation of the right to a jury trial is a constitutional error. *Bearss, supra.* Therefore, we must now decide whether the error is structural or nonstructural. *People v Duncan*, 462 Mich 47, 51; 610 NW2d 551 (2000). "Structural errors are defects that affect the framework of the trial, infect the truth-gathering process, and deprive the trial of constitutional protections without which the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *People v Watkins*, 247 Mich App 14, 26; 634 NW2d 370 (2001). Structural errors are subject to automatic reversal because they are intrinsically harmful. *Duncan, supra.* However, nonstructural constitutional errors are subject to harmless error analysis. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

Relying on *Mosly*, the prosecution argues that the error was nonstructural and subject to harmless error analysis because a jury waiver that is invalid under the court rules does not necessarily affect the substantial rights of a defendant. However, this Court in *Mosly* did not hold that an invalid jury waiver was not subject to automatic reversal. What this Court determined was that the trial court's failure to follow the mandated procedural requirements of MCR 6.402(B) could be harmless if "the record establishes that [the] defendant nonetheless understood that he had a right to a trial by jury and voluntarily chose to waive that right." *Mosly, supra* at 96. Thus, this Court in *Mosly* concluded that the defendant had to demonstrate that his waiver did not meet the constitutional requirements in order to obtain relief from judgment under MCR 6.508(D). *Mosly, supra* at 97. The present case involves more than the mere failure to follow procedural requirements. In this case, defendant argues that in addition to failing to follow Michigan's procedural requirements, the trial court also failed to meet the minimum constitutional requirements for a jury waiver. Therefore, *Mosly* is not applicable to the error at issue here. Instead, we conclude that the decision in *Sullivan v Louisiana*, 508 US 275; 113 S Ct 2078; 124 L Ed 2d 182 (1993), is more applicable to the facts of this case.

In *Sullivan*, the trial court's failure to properly instruct the jury on reasonable doubt resulted in the United States Supreme Court's determining that the defendant was denied the right to a jury trial. *Id.* at 278. After the Court made this determination, the next step was to examine whether the error was amenable to harmless error analysis under the holding in *Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967). *Sullivan, supra* at 278-279. It concluded that it was not:

Chapman itself suggests the answer. Consistent with the jury-trial guarantee, the question it instructs the reviewing court to consider is not what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand. Harmless-error review looks, we have said, to the basis on which "the jury *actually* rested its verdict." The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendered—no matter how inescapable the findings to support that verdict might be—would violate the jury-trial guarantee.

Once the proper role of an appellate court engaged in the *Chapman* inquiry is understood, the illogic of harmless-error review in the present case becomes evident. Since, for the reasons described above, there has been no jury verdict within the meaning of the Sixth Amendment, the entire premise of *Chapman* review is simply absent. There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless. There is no *object*, so to speak, upon which harmless-error scrutiny can operate. The most an appellate court can conclude is that a jury *would surely have found* petitioner guilty beyond a reasonable doubt—not that the jury's actual finding of guilty beyond a reasonable doubt *would surely not have been different* absent the constitutional error. That is not enough. The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the State would be sustainable on appeal; it requires an actual jury finding of guilty. [*Id.* at 279-280 (citations omitted; emphasis in original).]

In the case at bar, defendant was denied his Sixth Amendment right to a jury trial because the trial court

failed to obtain a valid jury waiver. If we were to conclude that this error was harmless, we would have to speculate about whether a hypothetical jury would also have found defendant guilty. Even if we were persuaded that a hypothetical jury would likely—or even certainly—find defendant guilty beyond a reasonable doubt, the "Sixth Amendment requires more than appellate speculation about a hypothetical jury's action . . . ." *Id.* at 280. Therefore, we conclude that a constitutionally invalid jury waiver is a structural error that requires reversal.

Defendant's convictions are reversed and the matter is remanded for a new jury trial or a bench trial after a valid jury waiver. We do not retain jurisdiction.