*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 3, 2020

v

No. 344590
Wayne Circuit Court
LC No. 17-006009-01-FH

QURAN SARRANTE BAKER,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions for felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced to three years' probation for the felon-in-possession and CCW convictions, and five years' imprisonment for the felony-firearm, second offense, conviction. On appeal, defendant argues that he was denied his right to effective assistance of counsel, he did not validly waive his right to a trial by jury, and the trial court did not validly accept his waiver of a trial by jury. We affirm.

## I. UNDERLYING FACTS

This case arises out of defendant's arrest for the unlawful possession of a firearm. The basic facts of the case are not in dispute; rather, the issues on appeal exclusively relate to events that occurred after defendant's arrest. After defendant's arrest, he retained attorney Sheldon Halpern. Halpern was able to negotiate a plea offer in which the prosecution agreed to seek a sentence of 2½ years' imprisonment (plea deal #1). Halpern subsequently filed a motion to suppress and an evidentiary hearing was held. At the evidentiary hearing, Halpern moved to disqualify the trial court judge for alleged bias. The trial court denied defendant's motion for disqualification, but it did not rule on defendant's motion to suppress. Halpern subsequently withdrew the motion to suppress. Halpern withdrew as defendant's attorney, and defendant retained attorney W. Otis Culpepper.

-1-

Culpepper was able to negotiate a plea offer in which defendant would serve time in the county jail and then be released with a tether (plea deal #2). On the date of the pretrial hearing, the prosecution revoked its plea offer. Defendant then waived his right to a jury trial on the record and in writing. During trial, Culpepper revived Halpern's motion to suppress, but asked the trial court to rule on the motion after the evidence had been presented and closing arguments were complete. The trial court complied, and ultimately denied defendant's motion to suppress. The trial court found defendant guilty of all three counts and sentenced him to five years' imprisonment and three years' probation.

Defendant filed a motion for a new trial and a request for a *Ginther*[1] hearing to determine whether Culpepper had been ineffective as defendant's trial counsel. The trial court granted defendant's motion for a *Ginther* hearing. After the *Ginther* hearing, the trial court determined that defendant had not been denied the effective assistance of counsel. The trial court denied defendant's motion for a new trial. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that Culpepper was ineffective as his trial counsel because he failed to have the trial court rule on his motion to suppress the firearm before the conclusion of trial. Defendant argues that but for Culpepper's deficient performance defendant would have accepted plea deal #1 if he had known before the conclusion of trial that the motion to suppress the firearm would be denied. We disagree that defendant received ineffective assistance of counsel.

## A. STANDARD OF REVIEW

"Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).

## B. ANALYSIS

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *Trakhtenberg*, 493 Mich at 56.

The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Thus, there is a "strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id*. at 242-243. "Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). Accordingly, the reviewing court must consider the range of potential reasons that counsel might have had for acting as he or she did. *Id*.

## 1. DEFICIENT PERFORMANCE

Defendant argues that Culpepper's performance was objectively deficient because Culpepper failed to seek a pretrial ruling on the motion to suppress the firearm, but instead requested that the trial court rule upon the motion to suppress at the same time that the trial court rendered its decision following the bench trial. Specifically, defendant asserts that Culpepper's performance was objectively unreasonable because there was little, if any, evidence left to mount a defense to the charges after the trial court denied defendant's motion to suppress. We disagree.

At the *Ginther* hearing, Culpepper testified that, in his opinion, consolidating the bench trial and the suppression hearing gave defendant the best chance of acquittal because the trial judge would be required to consider the arresting detectives' credibility in regard to the motion to suppress and defendant's guilt at the same time. Culpepper reasoned that he could undermine the arresting detectives' credibility such that the trial court could acquit defendant even if it denied defendant's motion to suppress. Culpepper opined that this strategy gave him "two bites at the apple." Prior to trial, Culpepper investigated the events leading up to defendant's arrest by taking pictures where defendant was arrested, interviewing witnesses, and preparing the witnesses for trial. At trial, Culpepper called witnesses in an attempt to undermine the arresting detectives' credibility. In doing so, Culpepper elicited testimony that was contrary to the arresting detectives' version of the events leading up to defendant's arrest. Specifically, defendant's brother testified that the detectives entered the repair shop and pulled defendant outside before arresting him. In contrast, the detectives testified that they arrested defendant while defendant was standing outside of his brother's automobile repair shop.

The trial court found that the testimony of the detectives was credible and Culpepper's strategy was ultimately unsuccessful. Nonetheless, "[a] particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Carll*, 322 Mich App 690, 702; 915 NW2d 387 (2018) (citation and quotation marks omitted). Considering the strong

-3-

presumption that an attorney's challenged action constituted sound trial strategy, and that this Court will not substitute its judgment for that of counsel on matters of trial strategy, Culpepper's performance was not objectively unreasonable.

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. [*Strickland v Washington*, 466 US 668, 690–91; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Here, Culpepper determined that having the trial judge rule on the motion to suppress the firearm and defendant's guilt at the same time gave defendant the greatest chance of success. Whether or not we might have made the same decision is not the test; it was an aspect of Culpepper's trial strategy, the strategy was thought out in advance, and it was not unreasonable for Culpepper to think it presented the best prospect for success. Thus, Culpepper's request that the trial court rule upon defendant's motion to suppress at the same time that the trial court rendered its verdict following the bench trial did not place his performance "below an objective standard of reasonableness under prevailing professional norms." *Lockett*, 295 Mich App at 187.

## 2. PREJUDICE

Defendant argues that he was prejudiced by Culpepper's failure to seek pretrial disposition of the motion to suppress and Culpepper's request that the trial court rule upon defendant's motion to suppress at the same time that the trial court rendered its decision following the bench trial. We disagree.

Defendant avers that he would have accepted plea deal #1 if he had known the outcome of the motion to suppress prior to trial. But defendant has failed to establish that any plea deal was available to him after he declined plea deal #1. During the *Ginther* hearings, the trial court made a finding of fact that "[d]efendant never accepted any offers from the People and offered no evidence during the [*Ginther*] Hearing that there were any other offers open at any time following his rejections of the People's initial offer." At the *Ginther* hearing, defendant testified that Halpern negotiated plea deal #1. When defendant retained Culpepper as counsel, Culpepper attempted to negotiate a more favorable plea deal. Culpepper met with the prosecution, and he represented to defendant that he was able to negotiate plea deal #2. On the date of the pretrial hearing, Culpepper informed defendant that plea deal #2 was no longer available because it was rejected by a supervising prosecutor. There was no evidence presented at the *Ginther* hearing that plea deal #1 was still available after the parities had negotiated plea deal #2. Defendant bears the burden of establishing the factual predicate for his claim. *Hoag*, 460 Mich at 6. A thorough reading of the record establishes that defendant has failed to meet his burden because he has not presented any evidence that plea deal #1, or any other plea deal for that matter, was still available after the parities had negotiated plea deal #2. Even assuming that plea deal #1 was still available at the time plea deal #2 fell through, defendant has failed to provide evidence that plea deal #1 still would have been available after the trial court had ruled on defendant's motion to suppress.

Consequently, the trial court did not clearly err when it found that there were no pending plea offers after plea offer #2 fell through. Thus, defendant has failed to establish that he could have accepted plea offer #1 prior to trial if the trial court had ruled on the motion to suppress at that time. Accordingly, defendant was not prejudiced by Culpepper's decision because defendant has failed to establish a reasonable probability that the result of the proceeding would have been different if the trial court had ruled on defendant's motion to suppress the firearm before rendering its verdict.

## III. JURY TRIAL WAIVER

Defendant argues that his jury trial waiver was not knowing and voluntary. We disagree.

### A. STANDARD OF REVIEW

"The trial court's determination that a defendant validly waived his right to a jury trial is reviewed for clear error." *People v Leonard*, 224 Mich App 569, 595; 569 NW2d 663 (1997). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (citation and quotation marks omitted).

### B. ANALYSIS

"A criminal defendant has a constitutionally guaranteed right to a jury determination that he is guilty beyond a reasonable doubt." *People v Cook*, 285 Mich App 420, 422; 776 NW2d 164 (2009). With the consent of the prosecutor and the approval of the trial court, a defendant may waive his right to a jury trial. MCR 6.401; *Cook*, 285 Mich App at 422. In order for a jury trial waiver to be valid, it must be both knowingly and voluntarily made. MCR 6.402(B); *Cook*, 285 Mich App at 422.

As an initial matter, the trial court properly found that Culpepper did not guarantee defendant a shorter sentence in exchange for waiving his right to a jury trial. At the *Ginther* hearing, defendant testified that Culpepper guaranteed that defendant's sentence would not exceed 2½ years' imprisonment if he waived his right to a jury trial. Sylvester Faulkner, defendant's close friend who accompanied defendant to the pretrial hearing, testified that Culpepper guaranteed that defendant's sentence would not exceed 2½ years imprisonment if he waived his right to a jury trial. Culpepper refuted this testimony and stated that he did not guarantee defendant a specific sentence. Culpepper stated that in his 46 years as an attorney, he never guaranteed any defendant a specific sentence. The trial court determined that Culpepper's testimony was credible, and it found that Culpepper did not guarantee defendant a shorter sentence in exchange for waiving his right to a jury trial. We defer to the trial court's determination that Culpepper's testimony was credible because the record fails to establish that the trial court clearly erred in that regard. See *People v Cartwright*, 454 Mich 550, 555; 563 NW2d 208 (1997) ("An appellate court will defer to the trial court's resolution of factual issues, especially where it involves the credibility of witnesses."); see also MCR 2.613(C) ("Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it."). Given Culpepper's testimony and the trial court's credibility determination, defendant has failed

to establish that the trial court clearly erred by finding that Culpepper did not guarantee defendant a shorter sentence in exchange for waiving his right to a jury trial.

Furthermore, defendant's jury trial waiver was knowing and voluntary. "By complying with the requirements of MCR 6.402(B), a trial court ensures that a defendant's waiver is knowing and voluntary." *Cook*, 285 Mich App at 422. MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

Compliance with MCR 6.402(B) leads to a presumption that a defendant's waiver of his or her right to a jury trial was knowingly and voluntarily made, but strict compliance is not required for a valid jury trial waiver. See *People v Mosly*, 259 Mich App 90, 97; 672 NW2d 897 (2003) (holding that in order for a defendant to establish that a jury trial waiver was invalid, the "defendant was required to establish that the waiver was neither understandingly nor voluntarily made, not merely that the trial court failed to strictly comply with MCR 6.402(B)."). As such, a jury trial waiver can be valid even if the requirements of MCR 6.402(B) are not strictly followed. See *id*. at 96-97.

Defendant's waiver was knowing and voluntary because the trial court complied with MCR 6.402(B) during the pretrial hearing. Before the trial judge even addressed defendant to determine whether his jury trial waiver was knowing and voluntary, the trial judge asked the prosecutor if she had any objection to defendant's jury trial waiver. The prosecutor responded, "[n]o objection, Your Honor." The trial judge then advised defendant of his right to a trial by jury by stating, "Mr. Baker, sir, you do understand that you have a constitutional right to have a trial by a jury of twelve citizens from this county . . . ?" Defendant answered, "[y]es, Your Honor." The trial judge then addressed defendant personally and ascertained that defendant understood his right to a jury trial and voluntarily chose to give it up when he asked defendant "[a]nd, you also understand [waiving your right to a jury trial] means if you give up that right, instead of the twelve citizens from the community or county who would come in, it will be a judge who will decide whether you are guilty or not guilty of the charges instead of a jury?" Defendant responded, "[y]es, Your Honor." The trial judge went on to ask defendant "[a]re you making this decision voluntarily, of your own free-will without threats or promises?" Defendant responded, "[y]es, Your Honor." The trial judge then asked defendant "I have in front of me a waiver of trial by jury form containing the purported prescribed signature of [defendant]. [Defendant], did you sign today, sir?" Defendant responded, "[y]es, sir." Finally, the trial judge then stated, "I will find that the waiver of jury trial is made knowingly and voluntarily."

The record clearly shows that the prosecutor consented to defendant's jury trial waiver. Additionally, the trial judge asked defendant multiple questions to ensure that defendant's jury trial waiver was knowing and voluntary, but failed to actually state that he "accepted" defendant's jury trial waiver. Despite the trial judge's failure to explicitly state that he accepted defendant's jury trial waiver, the record clearly indicates that the trial judge did in fact accept the waiver. Immediately after stating that he would "find that the waiver of jury trial is made knowingly and

voluntarily," the trial judge addressed setting a trial date and asked the attorneys how long they thought the trial would take. Furthermore, a bench trial was held so the trial judge must have accepted defendant's jury trial waiver. Additionally, finding defendant's jury trial waiver invalid over the trial judge's failure to specifically state on the record that he accepted defendant's jury trial waiver would elevate form over substance and would have no effect on whether defendant's waiver was knowing and voluntary, which is what MCR 6.402(B) is designed to ensure. Thus, defendant knowingly and voluntarily waived his right to a jury trial despite the trial judge's failure to specifically state on the record that he accepted defendant's waiver. See *Mosly*, 259 Mich App at 96-97.

## IV. CONCLUSION

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel