*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RUBEN CALVIN WALKER,

Defendant-Appellant.

UNPUBLISHED
May 14, 2020

No. 346833
Eaton Circuit Court
LC No. 2018-020242-FH

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve concurrent prison terms of 30 to 180 months for felon-in-possession and felonious assault, and a consecutive prison term of two years for felony-firearm. Defendant appeals as of right. We affirm.

## I. FACTS

Defendant, his son, and his son's girlfriend were at the apartment of defendant's girlfriend, YM, when defendant and YM engaged in an argument concerning whether defendant's son was welcome in the apartment. Defendant went to the bedroom and returned with a handgun. Defendant slammed the handgun on the counter and told YM, "When you call the police, I'm gonna wait till they get here and blow your mother\*\*\*\*n' head off in front of 'em." YM grabbed the handgun, ran into her bedroom, and threw the handgun in the closet. When defendant attempted to go into the bedroom to retrieve the handgun, YM grabbed a butcher knife and attempted to stop defendant from getting to the handgun in the closet. With the knife in one hand and a cell phone in the other, YM called 911. After defendant was arrested, the police recovered the handgun from YM's closet.

## II. ANALYSIS

## A. WAIVER OF JURY TRIAL

The trial court did not plainly err by granting defendant's request for waiver of trial by jury.

Unpreserved claims are reviewed for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to show such error, "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights . . . . The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. (citations omitted). Further, defendant must also demonstrate "that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012).

MCL 763.3(1) provides:

> In all criminal cases arising in the courts of this state the defendant may, with the consent of the prosecutor and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: "I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury."

> _____

> Signature of defendant.

Further, MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the *constitutional right to trial by jury*. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to *be tried by the court*. A verbatim record must be made of the waiver proceeding. [Emphasis added.]

"[W]ith the consent of the prosecutor and the approval of the trial court, a defendant may waive his right to a jury trial." *People v Cook*, 285 Mich App 420, 422; 776 NW2d 164 (2009). "In order for a jury trial waiver to be valid, however, it must be both knowingly and voluntarily made." *Id.* In order to ensure compliance with MCL 763.3, the trial court record must show that in addition to defendant personally, voluntarily, and understandingly giving up his right to trial by

jury, "based upon information conveyed to the judge in open court by the defendant, or in his presence," defendant has signed the waiver of trial by jury form after he has been "arraigned on the information and has had an opportunity to consult with counsel." *People v Pasley*, 419 Mich 297, 302-303; 353 NW2d 440 (1984).

In this case, defendant's waiver of trial by jury form, which conforms to the provisions of MCL 763.3(1), was signed by defendant, defense counsel, the prosecutor, and the trial court. Defendant personally agreed that he was requesting a bench trial and that he was waiving his constitutional right to a jury trial. The trial court informed defendant that if he waived the trial by jury, the trial court would be the trier of fact, as required by MCR 6.402(B). The record reflects that defendant was personally informed of the advantages and disadvantages of a jury trial and that he personally signed the waiver of jury trial form knowingly and voluntarily. Accordingly, the trial court did not plainly err by granting defendant's request for waiver of trial by jury.

### B. SENTENCING

Defendant challenges several offense variable (OV) and prior record variable (PRV) scores. Defendant additionally contends that he was denied the effective assistance of counsel at sentencing. We conclude that the trial court properly assessed 15 points for OV 1 and 10 points for OV 9. The trial court improperly assessed 1 point for OV 12 and 50 points for PRV 1, but correction of the errors does not change defendant's minimum guidelines range. Finally, trial counsel was not ineffective for failing to object to the trial court's calculation of defendant's sentence.

### 1. OV 1

"[OV 1] is aggravated use of a weapon." MCL 777.31(1). Under MCL 777.31(1)(c), when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon," 15 points are scored for OV 1. "OV 1 is an 'offense-specific' variable; therefore, in scoring OV 1, the trial court [is] limited to 'considering the sentencing offense alone.'" *People v Chelmicki*, 305 Mich App 58, 72; 850 NW2d 612 (2014), quoting *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009).[1] "However, in doing so, a trial court may properly consider all of [the] defendant's conduct during that offense." *Chelmicki*, 305 Mich App at 71-72 (quotation marks and citation omitted).

In this case, when defendant and YM were arguing, defendant left and went to the bedroom and came back with a handgun. Defendant slammed the handgun down on the counter and threatened to shoot YM in the head when she called the police. YM testified that she was afraid and believed defendant would shoot her in the head. This evidence supports a finding that YM

---

[1] Defendant argues that under MCL 777.31(2)(e), zero points should be scored for OV 1 because defendant's sentencing offense was felonious assault. However, according to the PSIR, defendant's sentencing offense was felon-in-possession.

had "a reasonable apprehension of an immediate battery" when defendant threatened to shoot her in the head in front of the police officers. See MCL 777.31(1)(c).

## 2. OV 9

"[OV 9] is number of victims." MCL 777.39(1). Under MCL 777.39(1)(c), when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death," 10 points are scored for OV 9. A victim, under MCL 777.39(2)(a), is "each person who was placed in danger of physical injury or loss of life." "A person may be a victim under OV 9 even if he or she did not suffer actual harm; *a close proximity to a physically threatening situation* may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013) (emphasis added). See also *People v Rodriguez*, 327 Mich App 573, 582; 935 NW2d 51 (2019) (holding that where the defendant used a tire iron to smash the windows of the truck before robbing the victim hiding inside and a second person watched from "outside his apartment, in close proximity to the robbery, the trial court properly counted [the second person] as a victim"); *People v Walden*, 319 Mich App 344, 349-350; 901 NW2d 142 (2017) (holding that 10 points were properly assessed for OV 9 where "at least three people were near [the] defendant when he drew a knife and began swinging it"; "although [the victim] was the only person stabbed, at least two other people were placed in immediate danger of physical injury or loss of life and [were] thus victims for the purpose of scoring OV 9").

In this case, defendant's son, the son's girlfriend, and YM were present and in close proximity in YM's apartment when defendant retrieved a handgun and threatened to shoot YM. All three count as victims in this case, because they were all placed in immediate danger of physical injury or loss of life. See MCL 777.39(1)(c). Therefore, the trial court properly scored 10 points for OV 9.

## 3. OV 12

"[OV 12] is contemporaneous felonious criminal acts." MCL 777.42(1). Under MCL 777.42(1)(f), when "[o]ne contemporaneous felonious criminal act involving any other crime was committed," one point is scored. A felonious criminal act is contemporaneous if it occurs under the following circumstances: "(*i*) The act occurred within 24 hours of the sentencing offense," MCL 777.42(2)(a)(*i*), and "(*ii*) The act has not and will not result in a separate conviction," MCL 777.42(2)(a)(*ii*).

"OV 12 distinguishes within the same sentence between the 'act' that occurred and the 'sentencing offense.' " *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). Therefore, "the language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *Light*, 290 Mich App at 726. "What matters, [for purposes of scoring OV 12], is whether the 'sentencing offense' can be separated from other distinct 'acts.' " *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019).

In this case, it appears that OV 12 was scored on the basis of a dismissed charge of receiving and concealing a stolen firearm under MCL 750.535b.[2] However, there is no evidence in the record to support a finding that defendant's alleged receiving and concealment of the handgun occurred within 24 hours of the sentencing offense, felon-in-possession. Therefore, the trial court clearly erred by assessing one point for OV 12 on this basis. However, the subtraction of one point from OV 12 does not change defendant's minimum guidelines range. Therefore, defendant is not entitled to resentencing on this basis. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003).

4. PRV 1

"[PRV 1] is prior high severity felony convictions." MCL 777.51(1). Under MCL 777.51(1)(b), when "[t]he offender has 2 prior high severity felony convictions," 50 points are scored. Additionally, when "[t]he offender has 1 prior high severity felony conviction," 25 points are scored. MCL 777.51(1)(c).

MCL 777.51(2) provides:

As used in this section, "prior high severity felony conviction" means a conviction for any of the following, if the conviction was entered before the sentencing offense was committed:

(a) A crime listed in offense class M2, A, B, C, or D.

(b) A felony under a law of the United States or another state corresponding to a crime listed in offense class M2, A, B, C, or D.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

In this case, it appears that one of the prior convictions counted in scoring PRV 1 was attempted breaking and entering a building with intent to commit a larceny or felony, MCL 750.110; MCL 750.92. MCL 777.19(3) provides as follows:

For an attempt to commit an offense enumerated in this part, the offense class is as follows:

(a) Class E if the attempted offense is in class A, B, C, or D.

---

[2] Receiving and concealing a stolen firearm in violation of MCL 750.535b was count one of the original charges against defendant in the felony information, apparently because the handgun used during the incident had been reported stolen.

(b) Class H if the attempted offense is in class E, F, or G.

Breaking and entering with intent to commit a felony or larceny is a class D offense. See MCL 777.16f. Therefore, attempted breaking and entering with intent to commit a felony or larceny, which defendant pleaded guilty to, is a class E offense. Given that MCL 777.51(2)(a) defines prior high severity felony convictions as those listed under classes M2, A, B, C, or D, then attempted breaking and entering with intent to commit a felony or larceny is a prior low severity felony conviction.

Therefore, as the prosecution concedes, it appears that defendant has only one prior high severity felony conviction, and that only 25 points should have been assessed for PRV. Further, although only 10 points were scored for PRV 2, as a result of the improper scoring of PRV 1, 20 points should have been assessed for PRV 2, because defendant has three prior low severity felony convictions. See MCL 777.52(1)(b).

Therefore, the trial court plainly erred by assessing 50 points for PRV 1, instead of 25 points. However, because the change in the scoring of PRVs 1 and 2 does not change defendant's minimum guidelines range, defendant is not entitled to resentencing on this basis. See *Francisco*, 474 Mich at 89 n 8; *Davis*, 468 Mich at 83. For the same reason, any error in the contents of the PSIR is harmless, and defendant is not entitled to a remand for correction of the PSIR.

### 5. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that trial counsel was ineffective for failing to object to the erroneous calculation of the sentencing guidelines. "Trial counsel is presumed to have been effective, and defendant must prove otherwise." *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). In order to establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial could have been different." *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). The defendant "bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted).

Presumably, defense counsel should have objected to the erroneous scores for OV 12 and PRV 1. However, defendant has failed to show how, but for trial counsel's error, the trial court would have sentenced defendant differently. As discussed, correction of the scoring errors regarding OV 12 and PRV 1 does not result in a different guidelines range. Therefore, it cannot

be concluded that, but for counsel's error, the result would have been different.  See *Solloway*, 316 Mich App at 188.

Affirmed.


/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan