*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN HARVEY GADDY,

Defendant-Appellant.

UNPUBLISHED
July 14, 2022

No. 356568
Alpena Circuit Court
LC No. 20-009684-FH

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Defendant was convicted after a bench trial of assault with a dangerous weapon (felonious assault), MCL 750.82, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 30 months to 15 years in prison. Defendant appeals as of right, and we affirm.

## I. FACTS

On August 1, 2020, defendant and his girlfriend drove a friend to Alpena, Michigan, where the friend sold methamphetamine to a purchaser. After the transaction occurred, the purchaser and her friend, believing they had been cheated, pursued defendant's car. Physical confrontations between the parties occurred in two parking lots and in an intersection. At one point during the confrontations, defendant pointed a gun at the purchaser's friend, saying "Don't f***ing follow us anymore." Defendant pointed the gun at the victim for three or four seconds while standing approximately four feet away from her, then returned the gun to his waistband. The purchaser and her friend reported the incident to the police. When police stopped defendant's vehicle, they found a gun that matched the description of the gun reportedly used by defendant to threaten the victim located approximately 100 yards behind the vehicle.

Defendant was charged with felonious assault. He initially requested a jury trial, but later requested a bench trial after learning that he could obtain a bench trial about one month sooner than a jury trial. At the conclusion of the bench trial, the trial court convicted defendant of felonious assault, MCL 750.82, and sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 months to 15 years in prison. Defendant now appeals.

-1-

## II. DISCUSSION

## A. JURY TRIAL WAIVER

Defendant contends that he did not voluntarily waive his right to a jury trial because he was forced to choose between obtaining a jury trial or a speedy trial, and that his waiver therefore was invalid. We disagree.

This issue is unpreserved because defendant failed to raise it before the trial court. See *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). We review unpreserved constitutional or nonconstitutional issues for plain error affecting substantial rights, meaning that the plain error prejudiced defendant by impacting the outcome of the lower court proceedings. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). We observe that "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (quotation marks and citation omitted).

The United States and Michigan Constitutions guarantee a criminal defendant the right to a jury trial. US Const, Am VI; Const 1963, art 1, § 20; *People v Cook*, 285 Mich App 420, 422; 776 NW2d 164 (2017). A defendant may waive the right to a jury trial with the consent of the prosecutor and the approval of the trial court, but the waiver must be both knowing and voluntary to be valid. MCR 6.401; *Cook*, 285 Mich App at 422. In that regard, MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

If the trial court complies with MCR 6.402(B), there is a presumption that the defendant's waiver of his right to a jury trial was knowingly, voluntarily, and intelligently made. *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003).

In this case, at a status conference held in December 2020, the trial court informed defendant that his jury trial, scheduled to begin January 6, 2021, had been rescheduled to begin February 3, 2021, because of COVID-19-related health guidelines limiting the number of people at gatherings. Defendant asked if his trial could be held earlier if he chose a bench trial, and the trial court directed defendant to discuss the issue with his attorney. After a discussion with his attorney, defendant agreed to waive his right to a jury trial and to have a bench trial at the soonest possible date. The trial court clarified to defendant that a bench trial could be held beginning January 6, 2021, or a jury trial could be held beginning February 3, 2021. Defendant informed the trial court that he wished to proceed with a bench trial.

Before accepting defendant's waiver, the trial court complied with MCR 6.402(B) by advising defendant on the record of his constitutional right to trial by jury and addressing defendant personally to determine that defendant understood his right to a jury trial and was voluntarily waiving that right. See *People v Williams*, 275 Mich App 194, 196-197; 737 NW2d 797 (2007).

Before the start of defendant's bench trial, the trial court again confirmed on the record that defendant agreed to waive his right to a jury trial, and defendant acknowledged on the record that he did.

On appeal, defendant does not contend that the trial court failed to comply with MCR 6.402(B), but instead argues that his waiver was not voluntary because if he had chosen a jury trial he would have been denied a speedy trial. Both the United States and Michigan Constitutions recognize the right of a criminal defendant to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20; see also MCL 768.1; MCR 6.004(A). Whether a defendant has been denied a speedy trial depends upon (1) the length of delay, (2) the reason for the delay, (3) whether the defendant asserted the right to speedy trial, and (4) whether the defendant was prejudiced. *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006). The length of delay is calculated from the date the defendant was arrested. *Id*. at 261. A delay of more than 18 months is presumptively prejudicial; if the delay is less than 18 months, the defendant must demonstrate that he was prejudiced by the delay. *People v Cain*, 238 Mich App 95, 112; 605 NW2d 28 (1999).

In this case, defendant was arrested on August 1, 2020, and his bench trial was conducted beginning January 6, 2021. If defendant had chosen to proceed with a jury trial, the trial was scheduled to commence February 3, 2021. Because a jury trial would have been provided to defendant within 18 months after his arrest, there is no presumption of prejudicial delay if defendant had chosen a jury trial, and defendant has not demonstrated that the delay would have resulted in prejudice.

In addition, it is not coercive for a trial court to offer a defendant the opportunity of an earlier trial court date for a bench trial that entails the defendant waiving his right to jury trial. See *Williams*, 275 Mich App at 197. Defendant in this case was not threatened with delay if he chose a jury trial; rather the trial court offered defendant the opportunity of an earlier trial date for a bench trial. See *id*.

Defendant further contends that he was "coerced" into waiving his jury trial right by virtue of the fact he was a parole violator, meaning that he would not receive credit for time served in jail while awaiting trial in this matter should he be sentenced to an additional period of incarceration. It simply cannot be said that defendant's strategic choice to avoid serving what would have amounted to an additional month of so-called "dead time" while in jail, resulting from his own criminal history, coerced him into waiving his right to a jury trial. Rather, it appears defendant freely exercised a choice to expedite his trial for what appeared to be a logical reason. We conclude that the trial court correctly determined that defendant understood his right to a jury trial and voluntarily waived that right. The trial court complied with MCR 6.402(B); as a result, there was a presumption that defendant's waiver was knowingly, voluntarily, and intelligently made, which defendant failed to overcome. See *Mosly*, 259 Mich App at 96.

## B. PRIOR-CONVICTION IMPEACHMENT EVIDENCE

Defendant contends that the trial court erred by failing to exclude evidence of his prior theft-related convictions. We disagree that the trial court committed reversible error.

Defendant failed to preserve this issue for review by objecting to the admission of evidence of his prior convictions on the same basis he now raises on appeal. We review this unpreserved issue for plain error affecting defendant's substantial rights, *Thorpe*, 504 Mich at 252, and will not reverse unless the "plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Randolph*, 502 Mich at 10 (quotation marks and citation omitted). We also observe that under MCL 769.26, "[n]o judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

Under MRE 609, the credibility of a witness may be impeached with evidence that the witness has been convicted of certain crimes. *People v Snyder*, 301 Mich App 99, 105; 835 NW2d 608 (2013). MRE 609 states, in relevant part:

> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and
>
> > (1) the crime contained an element of dishonesty or false statement, or
> >
> > (2) the crime contained an element of theft, and
> >
> > (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and
> >
> > (B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.
>
> > (b) Determining Probative Value and Prejudicial Effect. For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.
>
> > (c) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

-4-

MRE 609 "creates a presumption that evidence of prior convictions is inadmissible to impeach a witness's credibility," *Snyder*, 301 Mich App at 105, but this presumption is overcome by demonstrating either that the prior conviction contained an element of dishonesty or false statement, MRE 609(a)(1), or that the prior conviction contained an element of theft and certain other conditions are met, MRE 609(a)(2). If the prior conviction contains an element of dishonesty or false statement, the prior conviction is admissible under MRE 609(a)(1) without further analysis. *Snyder*, 301 Mich App at 105. A crime contains an element of dishonesty or false statement if a dishonest act, such as active deceit or falsification, is an element of the offense itself. *People v Parcha*, 227 Mich App 236, 243; 575 NW2d 316 (1997).

Alternatively, if a prior conviction does not contain an element of dishonesty or false statement, but contains an element of theft, the prior conviction may be admissible under MRE 609(a)(2). When the witness is the defendant and the crime contains an element of theft, the trial court must determine whether the conviction has "*significant* probative value on the issue of credibility." *Snyder*, 301 Mich App at 105. For this determination, the court should consider only the age of the conviction and the degree to which the conviction is indicative of veracity, and admit the prior conviction only if the trial court determines that the probative value of the evidence outweighs its prejudicial effect. *Snyder*, 301 Mich App at 106. When determining prejudicial effect, the trial court is limited to considering "only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify." MRE 609(b). The trial court is required to state its analysis of each factor on the record. MRE 609(b).

In this case, the trial court admitted evidence of defendant's three prior felony convictions for purposes of impeaching defendant's credibility as a witness. The first was a 2018 conviction of tampering with an electronic monitoring device, MCL 771.3f(1). That offense contains an element of dishonesty or false statement, as it requires active deceit or falsification. As a result, the prior conviction was admissible under MRE 609(a)(1) with no further analysis required. See *Snyder*, 301 Mich App at 105.

The trial court also admitted evidence of a 2017 conviction of first-degree felony retail fraud, MCL 750.356c, and a 2017 conviction of unarmed robbery, MCL 750.530. These convictions do not necessarily contain elements of dishonesty or false statement within the meaning of MRE 609(a)(1), see *Parcha*, 227 Mich App at 242, and therefore were not admissible under MRE 609(a)(1). However, defendant's convictions of first-degree retail fraud and unarmed robbery are both punishable by more than one year's imprisonment and both contain an element of theft, see MCL 750.356c(1); MCL 750.530, and thus the prior convictions potentially were admissible under MRE 609(a)(2) if the trial court determined "that the probative value of the evidence outweighs its prejudicial effect." The trial court in this case, however, stated only, "Okay. If you want to ask him about the convictions for theft, it would be admissible under the court rule," without articulating on the record its analysis of the factors in MRE 609(a)(2)(B). Because the trial court admitted defendant's 2017 convictions for retail fraud and unarmed robbery as impeachment evidence without conducting the analysis required by MRE 609(a)(2)(B) and (b), the trial court abused its discretion.

We conclude, however, that any error by the trial court in this regard was harmless. As noted, we review this unpreserved issue for plain error affecting defendant's substantial rights.

Defendant has not demonstrated that he was prejudiced by the admission of the prior convictions for purposes of impeaching his credibility in his bench trial. Even if defendant's convictions for retail fraud and unarmed robbery were not admitted, it is unlikely that the trial court would have found that defendant did not assault the victim with a gun. The victim testified that on the day in question, defendant pointed a gun at her while threatening her. A gun matching the description given by the victim and her friend was found by police approximately 100 feet behind defendant's vehicle at the time police stopped the vehicle. In light of the substantial evidence of defendant's guilt, there is no basis to conclude that the trial court's erroneous admission of the impeachment evidence resulted in the conviction of an actually innocent defendant or that the evidentiary error seriously undermined the fairness, integrity, or public reputation of the proceedings. To the extent that error occurred, it was harmless. MCL 769.26.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that defense counsel was ineffective for failing to object to the admission of evidence of defendant's prior felony convictions. We disagree.

This issue is unpreserved because defendant failed either to move for a new trial or to file with this Court a motion to remand for a *Ginther*[1] hearing. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). We review an unpreserved claim of ineffective assistance of counsel for error apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). "To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *Id*. at 228. Counsel's performance has prejudiced the defendant if it is reasonably probable that, but for counsel's error, the result of the proceedings would have been different. *Heft*, 299 Mich App at 80-81.

As discussed, in this case the admission of defendant's convictions of first-degree retail fraud and unarmed robbery without appropriate analysis by the trial court was an abuse of discretion, but any error was harmless. In light of the harmless nature of the error, trial counsel's failure to object to the admission of the evidence was not outcome determinative.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).